Johnson, J.,
 

 delivered the opinion of the court, as follows : — This is an action of covenant, brought on a policy of insurance under seal. The facts as made out in the pleadings are these : The cause of action accrued on the 1st May 1797 ; McKean was declared a bankrupt, and on the 19th March 1801, his estate was assigned to Thomas Allibone ; on the sixth’ of October 1806, the. assignee instituted a suit on this policy, and died on the 1st of August 1809. On the 11th of January 1810, the plaintiffs were *appointed assignees, in pursuance of the choice of the creditors regularly convened for that purpose, and brought the present action to the term next after the death of the assignee. *92]
 

 
 *60
 
 The plea is the statute of limitations. To this is filed a special replication setting forth the above facts, with a view to sustain an exception from the operation of the statute. The case comes up on a demurrer to the replication, and for the defendant there were two points made at bar. 1st. That the action is not maintainable at all, by the present plaintiffs, because the bankrupt act makes no provision for the appointment of a new assignee, upon the demise of the first. 2. That the right of action vests in his personal representative and could be maintained by him ; that the abatement by the death of the first assignee, was a voluntary abandonment of the suit, and put the case of the plaintiffs out of the reason of the exceptions from the operation of the statute. In support of the action, it was contended, that the former suit abated by the death of the first assignee ; that the right did not vest in his executors, because it was a mere trust or agency ; that the right' of substituting the new assignees in the action is secured only in the case of removal by the creditors ; that this case is without the statute of limitations, upon an equitable construction of that statute ; and lastly, that this action is a good continuance of the former, by journey’s account.
 

 We are of opinion, that the plea of the statute of limitations must be sustained. On the first point made by the defendant, the court would be understood to give no opinion. Being satisfied that the plaintiff has not brought himself within any one of the exceptions which have been admitted to the statute of limitations, and feeling no inclination to multiply those exceptions, they dispose of the case upon the second ground alone. The cases which, though literally within the words of the statute, have been held to be without its spirit,’ are those only in which circumstances intervened, which rendered it impossible or inconsistent with known and established principles, that a cause of action could be revived by the renewal of the contract, or enforced by a suit at law within the time prescribed. The object *of the law is, to secure the individual from the machinations of dishonesty, when attempted under the advantages attendant upon *- lapse of time, loss of papers, and death of witnessses. But when cases present themselves, in which no
 
 laches
 
 can be imputed to the plaintiffs, but great injustice would be done, by applying to such cases the effect of the statute, the conclusion of reason and of the law is, that such cases were not in the mind of the legislature, when enacting that law. Such are the cases of a want of parties, plaintiff or defendant, whereby a temporary suspension of legal remedy takes place.
 

 But in no case of a voluntary abandonment of an action, has an exception to the statute of limitations been supported; and such we are of opinion, is the case before us. Whether it was, or was not, a case in which the bankrupt law authorizes the appointment of the present assignee, we deem immaterial. The case is certainly not within the express letter of the statute, and it is only under its equitable, and perhaps, its proper construction, that the appointment of the new assignees (the present plaintiffs) can be supported. But the same equity which would support this appointment, would support the substitution of the new assignees for the former, in the existing action.
 

 We are, however, of opinion, that the first assignee was not a mere naked agent or attorney for the creditors. The words of the bankrupt act, § 18, are, that the debts assigned to him shall be vested in him, as if they had
 
 *61
 
 been contracts made with himself originally. Now, one necessary incident to such a contract would be, that the right of action would vest in his personal representative, and the act of congress saves the suit from abatement, by authorizing the substitution of the executor or administrator, instead of the deceased plaintiff. The same answer applies to the antiquated doctrine of. continuance by journey’s account. The fact is, that the mode of continuing a suit in the name of the executor or administrator, provided for by statute, is a complete substitute for the continuance by journey’s account. But even at common law, such a continuance or connection of suit was allowed in no case of voluntary abandonment, and if the benefit of it was intended to be asserted, it was necessary to claim it, in the form of renewing the action.
 

 Judgment affirmed, with costs.