Nott, J.
The general principle which we have so often decided, that when once the statute begins to run, it will run on notwithstanding any intervening obstacles, is not denied in this case. But it is contended that as a suit was commenced and continued for several courts, the act was suspended during that period. And that as this action was commenced immediately after the nonsuit in the other, the right of action was still preserved.
It seems to be generally understood and I think must be admitted, that every case coming within the provisions of the act would have been subject to its operation, if the act itself had made no exceptions. It has therefore been held a good bar in times of rebellion, when the courts were actually shut up. (4 Bacon 480. Lim. (E.) Hall vs. Wybourn, 2 Salk. 420.) So it has been held a good bar though the defendant were beyond sea. (Do.) Because said the court the statute is general, and must work upon all cases which are not exempted by the exceptions. And the Statute 4 and 5, An. c. 16, was made to provide for that case. In the case of the Maryland Ins. Comp. ads. Richards, and others, (8 Cranch 92,) it is said that in no case of a voluntary abandonment of an action has an exception to the statute of limitations, been supported, and a nonsuit must be considered as a voluntary abandonment. In Smith vs. Brown, (3 D. and E. 662,) it was held that an attachment of privilege was no continuance of a bill of middlesex so as to avoid the statute; which in principle is very analagous to this case. In 1 Seargeant and Raids’, Pennsylvania Rep. 236, the very point has been *454 decided. This case does not come within any of the exceptions to the act, and the court is not authorized to add one to the number provided for by the legislature. It is a little remarkable that no case is found in any of the English books involving the question. But I presume it must have been because it has been considered as coming within the principle of the cases already referred to. There is a loose note in Willes Rep. 355, Forbs and wife vs. Middleton, which bears-some analogy to this. The wife, plaintiff, abated the suit by marrying, the husband and wife commenced their actions within two terms and it was held they wore not barred. One of the reasons given by the court was, that the wife had brought the action as administratrix, and the court said no disability could be pleaded to an administratrix.
Evans, for the.motion.
¿Hiller, contra.
This is the only case which I have found, where an action, which has abated by the act of the party, has been held to prevent the operation of the statute. But if the real ground was that the plaintiff was administratrix, and the abatement of the suit by her marriage should not prejudice the estate on that account, it leaves room to infer that in any other case the bar would be effectual.
It does not however appear to me, to be a case to whicli much importance can be attached on either side. I am of opinion, therefore, that according to the letter of the act, as well as the uniform tenor of the decisions which have been made upon it, the decision of the court below must be sup¿ ported.
There is no doubt but that particular cases maj' occur in which inconveniences, and perhaps apparent injustice, may result from this construction; but on the other hand there might never be an end to a suit were any other to prevail.
The motion therefore must be refused, (a)