Hoguet v. Wallace.

---

ANTHONY HOGUET *vs.* FRANCIS B. WALLACE ET AL.

1. The act to facilitate the administration of justice (*Nix. Dig.* 633) does not prevent the plaintiff from entering judgment before the time for pleading expires where the defendant consents to such entry of judgment.

2. The time allowed by law for filing a plea is given for the benefit of the defendant, and he may waive it, and consent that a judgment be entered against him before the time for pleading has expired.

o

3. Judgments entered by consent after process has been served are not within the act regulating judgments by confession.

4. If a case is not within the letter of an act, yet if, by an equitable construction, it can be brought within the spirit and intent and within the mischief which the act was intended to remedy, such construction should be adopted

*Certiorari* to Sussex Circuit.

Argued before Justices OGDEN, VREEDENBURGH, and WHELPLEY.

The opinion of the Court was delivered by

WHELPLEY, J.   The plaintiff in *certiorari* asked the Circuit Court of Sussex county to award to him, on his judgment against a defendant, moneys raised upon other judgments prior to his against the same defendant, on the ground that those judgments were void because they were entered in vacation upon cognovits and assessments of damages by the clerk before the time for pleading was out. The defendant in the cognovits expressly consented to their entry in vacation. The court refused the plaintiff's motion, and this *certiorari* is brought to reverse the judgment.

It was claimed that the act to facilitate the administration of justice (*Nix. Dig.* 633) did not authorize the entry of such judgments; that the provisions of the second and fourth sections of that act are expressly confined to cases of judgment by default after the regular time for pleading was out, and that all judgments, if unlawfully entered, are thereby declared utterly void.

The objection raised in this case to the validity of the judgments is made not by the defendant—he admits the judgments to be good—but by third persons seeking to obtain priority over the judgments confessed by the defendant. It is purely technical, without merits, and unjust in its operation, and ought not to be sustained unless clearly well founded.

What is the true construction of the act ? Its title shows its object to be to prevent delay in obtaining judgments from being caused by the infrequent sessions of the courts, by this act reduced from four a year to three. It should be liberally construed to advance the object the legislature had in view. No construction should be adopted which will substantially frustrate the objects of the act. The second section provides that it shall be lawful for the plaintiff, where the defendant shall have failed to file a plea or demurrer to the declaration within the time required by law, to enter as of course, either in term time or vacation, in the minutes of the court such rule for judgment by default, either interlocutory or final, as he would by law have been entitled to if such rule had been applied for in open court, and such rule, if lawfully entered, to have the same force and effect as if entered by order of the court, and if unlawfully entered, it shall be utterly void.

The time for pleading allowed by law is given for the benefit of a defendant, and he may waive it, and put himself in default at any time ; and when so in default, either by his own confession and waiver of time to plead, or by the lapse of time without a plea, he is within the meaning of the act, and a judgment by default for want of a plea to the action may be entered against him. There was nothing to prevent Fowler, the defendant, from saying, in writing, I waive the time given by law for pleading, and consent to the entry of judgment by default *now* against me. The legislature never designed to require a certain time to elapse before the entry of a judgment. The object was to save delay not to create it.

The second and fourth sections of this act were intended to cover all cases where the defendant did not put in any defence to the action, whether this was signified by his suffering the time to elapse without plea or expressly acknowledged his default by a written plea.

If this case is not within the very letter of the act, it is clearly within its scope, spirit, and intent.

By an equitable construction, a case not within the letter of a statute is sometimes holden to be within its meaning because it is within the mischief for which a remedy is provided. *Bac. Ab., Title* 1, *Stat. I*, 6. The remedy given by the 9*th Edw.* 3, *c.* 3, against executors has been always extended, by an equitable construction, to administrators. *Plow.* 467; *Egston* v. *Studd, Com. Dig., Parliament R.* 13. Therefore where a statute (*Marlb.* § 6) provided that a feoffment to the heir to defraud the lord of wardship, &c., be void, it extends to a grant, fine, recovery, lease and release, or other conveyance. 2 *Inst.* 110.

Where the *Stat. W.* 2, 1 prohibits *quod illi quibus tenementum fuit datem, non habeant potestatum alienande,* the heirs of the donee, by equity, are under the same prohibition. *Pl. Com.* 13, *b* ; *Dwarr. on Stat.* 718, 728, 734; *Vin. Ab. Stat. Con. E* 6, *pl.* 32; *Co. Litt. b.* 24, 365 ; *The Mayor, &c.,* v. *Lord,* 18 *Wend.* 126.

This principle is peculiarly applicable to acts regulating the practice of law, which, as far as they are remedial in their character, ought to be liberally construed.

That section of the statute of 21 *Jac.* 1, *c.* 16, which provides that where the plaintiff had obtained a judgment which was reversed for error, or where a verdict had passed for plaintiff, and the judgment was arrested, the plaintiff, or his heirs, may commence a new action within one year after judgment reversed or arrested, does not in terms extend to suits abated by death of parties ; yet it has been held in Virginia that an abatement was within the equity, and therefore within the terms of this act. *Brown's Ex'rs* v. *Putney,* 1 *Wash.* 302 ; *Richards* v. *Hargland Ins. Co.,* 8 *Cranch* 84.

In *Crane* v. *Alling,* 2 *Green* 593, it was held, by this court, that an administrator *de bonis non* was within the equity of the statute to prevent the abatement of suits. *Beardsley* v. *Southmayd,* 3 *Green* 171; *Zaberrer* v. *Brentnall,* 3 *Harr.* 262 ; *Howe* v. *Lawrence,* 1 *Zab.* 750.

If there can be a case proper for the application of the doctrine of equitable construction this is one.

Surely the legislature did not intend to say that a judgment by default ought to be entered in vacation on an implied consent of defendant by *nil dicit*, but should not be on an express consent by *cognovit*.

If this construction be adopted, it will not only be in consonance with established principles of interpretation but eminently convenient and just in its operation.

The judgments of defendants were lawfully entered. I have not omitted to notice the objection, that these were judgments by confession, and therefore void for want of affidavit. It has been repeatedly held that judgments entered after service of process are not within the act. *Budd* v. *Marvin,* 1 *South.* 248 ; *Elliot* v. *Woodhull,* 7 *Halst.* 126.

The judgment of the circuit should be affirmed.

CITED *in Assoc. of the N. J. Co.* v. *Davison,* 5 *Dutch.* 424.