Milligan, J.,
delivered the opinion of the Court.
In May, 1858, complainant, Benj. Anderson, filed his bill in the Chancery Court at Memphis, against Julian Bedford, administrator of E. W. Kinney, deceased, who died in Shelby County, Tenn., in 1857.
*466 The object and purpose of this bill, was, to hold the defendant, Bedford, as administrator of Kinney, to an account for the agency of Kinney, in his lifetime, in the management of certain lands and negroes belonging to the complainant. The agency, as it is alleged, continued from 1838 to 1857.
To this bill there was a most extended answer, in which various defenses and explanations were made, and the Statute of limitations set up and relied on.
In May, 1860, the cause was heard, and an interlocutory decree of the Chancellor pronounced, in which an account of the rents of the lands and the hire of the slaves, was directed; but the question of limitation arising under the Statute, was expressly reserved until the coming in of the Master’s report.
The Master made his report, in two aspects — the one without the application of the Statute, and the other with it. In the former, he found the sum of $7,873.57, to be due the complainant; and the latter, only $3,335.78.
The report of the Master appears never to have been confirmed; and, on the 5th of February, 1861, on motion of the defendant, the bill was dismissed, for cham-perty appearing in the proof, but without prejudice.
Afterwards, on the 23d of March, 1861, the present bill was filed by the complainants, Anderson and Wife, against the defendant, Bedford, as administrator of Ken-ney, his widow, and heirs at law; to which the defendants demurred, and set down, as causes of demurrer: 1st, That the complainant’s wife had no interest in the matter of the suit, because she has no estate therein separate from her husband; 2d, Joinder of improper parties as *467 defendants; 3d, The Statute of limitations; 4th, Complete and adequate remedy at lav.
In August, 1866, the cause vas heard upon demurrer, and the hill dismissed, except as to the proceeds of a note executed by J. J. Polk, vhich, as it appears, had been partly paid into the Master’s office, and vhich, it is admitted, is the rightful property of the complainant, Anderson.
The demurrer, as it seems, vas principally sustained upon the Statute of 1789; from vhich the complainant prosecuted an appeal to this Court. Various questions have been presented in the argument; but, in the viev ve have taken of the case, it vill not be necessary to enter upon the discussion of all of them.
It is clear, the provisions of the Code referred to, have no application to this case. It must stand or fall upon the lav existing before its adoption. The Code vent into effect the 1st of May, 1358: 2 Head, 36, 39. By section 44, no right vhich had previously accrued, is affected by its provisions; and, by section 47, it is provided, that causes of action accruing before the 1st of October, 1858, are not to be affected by the limitations declared in the Code, but they are subject to existing limitations.
The cause of action in this case, or right to sue, accrued in the lifetime of Kinney, upon his receipt of the rents and hire of the slaves, complained of in the bill; (3 Hum., 200; also Martin & Yerger, 361;) and the common Act of limitations of six years, commenced running at that time, vhich, as ve have seen, vas before *468 October, 1858, and run right on, without, in any respect, being arrested by the subsequent death of Kinney.
But the Act of 1789, ch. 23, sec. 4, interposed, and commenced running after the date of the qualification of Kinney’s administrator, on the 1st Monday of November, 1857; and, in two years thereafter, barred all actions by parties residing within the State, and, after three years, all out of it.
The present bill was filed on the 23d of March, 1861, more than three years after the qualification of the defendant as Kinney’s administrator. The Act of 1789, as it thus appears, bars the action, unless it be within some of its exceptions. This Act, as well as the Act of 1715, ch. 48, sec. 9, are both peculiar, in some respects, and seem to stand alone and unconnected with the general Statutes of limitations. The creditor’s claim must stand or fall by the terms of these Acts, with their qualifications and exceptions; and they can derive no aid, whatever, from the ordinary Statutes of limitations. The Act of 1715, ch. 48, makes no exceptions in favor of any person under disability, or non compos, or person beyond seas; but the Act of 1789, contains exceptions in favor of infants, persons non compos, or femes covert, but none others; while the Act of 1715, ch. 27, and 1819, ch. 28, secs. 6 and 3, make provisions for the bringing of a new suit, which saves the bar in only three cases, viz: 1st, Where judgment for the plaintiff has been reversed for error; 2d, When judgment has been arrested; 3d, When the defendant cannot be served with process. In all these cases, if a new suit shall be *469 commenced within one year, the Statute does not operate as a bar : Nicholson vs. Lauderdale, 3 Hum., 200.
The Acts of 1715, ch. 48, and the Act of 1789, ch. 23, as we have seen, make no such exception; and, hy the repeated decisions of this Court, when the Act fails to make exceptions, the Courts can make none: 2 Swan, 504; Angel & Ames on Lim., ch. 7.
The Code incorporates the exceptions contained in sec. 6 of the Act of 1715, and section 3 of the Act of 1819, and none others, into sections 2754 and 2755, in relation to the limitation of actions. Rut, as we have seen, the Code has no application to this case, nor can it derive any aid from the exceptions contained in the common and ordinary Statutes of limitations; and it must be decided upon the principles of the Act of 1789, ch. 23, which is conclusive of the case.
But, upon the hypothesis, that the 6th section of the Act of 1715, ch. 27, and the 3d section of the Act of 1819, ch. 24, are to be construed as a part of the Act of 1789, ch. 23—which we are not prepared to admit—it is clear, the complainants, in this case, have not brought themselves within the provisions of these sections.
This suit, although for part of the same cause of action that the former suit was for, is not between the same parties, nor is its object and purpose, in all respects, the same. But all this out of the way, and admitting the application of these exceptions, as well in cases of equity as at law, the facts of the case do not bring it within the exceptions of the Acts of 1715 and 1819. We have already shown, that these exceptions are operative *470 to save the bar, in only three cases; add the case made in this bill, does not fall within either of them. It is a case of dismissal by the Court, on grounds, not, to be sure, involving the merits, but in consequence of the wrong (the champerty) of the complainant.
It has been held, that a non-suit, or a dismissal of a bill by a party, or the Court, or a failure of the action because in the wrong forum, or when the suit was defeated by the acts and devices of the defendant, was not within either the letter or the equity of these Acts; and, in fact, in no case of which we are advised, when the failure of the action is due to the default, wrong, or laches of the plaintiff, has it been held sufficient to authorize the bringing of another suit, under the exceptions of the Statute, within one year after the termination of the first.
If the action abates by the death of the plaintiff, another may be brought, as it has been decided, (1 Hum., 46-48,) within a year, because it is within the equity of the Statute. The loss of the first was by the act of God, and without the wrong, default, or laches of the party, and a second may be brought. But here is a new suit made necessary by the champerty of the complainant in the former, which, by all the authorities, cannot be maintained so as to save the bar of the Statute: 8 Yer., 238-241; 1 Taunt. R., 363; 1 Hum., 46-48; 3 Hum., 200-203; Angel & Ames on Limitations, 324, 325, 326, 327, and 328; 1 Serg. & Raelw., 236, 235; 5 Hum., 593, 594; 4 Mumf., 181; 8 Cranch, 92.
The technical defense, so much relied on in argument, that the plea overruled the demurrer, can avail- *471 nothing in this case, however effectual it might have been in a proper ease. The plea is the Statute of limitations, under the Act of 1789, ch. 23; and, as such, was totally defective, and might, under the authority of the case of Graham’s Heirs et al. vs. Nelson’s Heirs et al., 5 Hum., 605, have been totally disregarded. It was a plea in bar of the action of matter in pais not sworn to, and, as the Court says, in the above cited case, should not have been noticed on the record. In fact, the Chancellor seems so to have treated it in his final decree.
Besides, the objection is merely technical, and does not go to the merits of the case; and we are prohibited, by positive Statute, from reversing, except upon the merits.
The decree of the Chancellor must be affirmed, and the bill dismissed.