## DANENHOWER *v.* BALL.

PRACTICE; ACTIONS, REVIVAL OF BY REPRESENTATIVES OF DE-
CEASED PARTY.

1. Where in a pending suit at law, one year after the suggestion on the record by the defendant of the death of the plaintiff, the defendant gives notice to plaintiff's attorneys of record of his intention to move to strike from the docket and discontinue the action, and pending the hearing of such motion the executrix of the original plaintiff, without notice to defendant, procures an order making her a party in the place of the deceased plaintiff with right to prosecute the action, such order is properly vacated and set aside by the lower court on motion of defendant, as improvidently granted; *construing* acts of Maryland of 1785, ch. 80, sec. 1, and 1787, ch. 9, sec. 7, and sec. 955, R. S. U. S.
2. Sec. 955, R. S. U. S., is in force in this District so far as it is locally applicable, but it does not repeal or supersede the Maryland act of 1785, ch. 80; and the provisions of the two statutes are to be construed in *pari materia* and as if all the provisions of both were incorporated in one statute.

No. 530.  Submitted February 4, 1896.  Decided March 2, 1896.

HEARING on an appeal by the executrix of a deceased plaintiff in an action at law, from an order vacating a previous order allowing her to prosecute the action in the place of the original plaintiff.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. A. A. & T. W. Birney* for the appellant :

1. The act of Maryland of 1785, relied on by the appellee, does not contemplate the dismissal of an action *after* some step has been taken to make proper parties, but is intended only as a means of allowing a court to clear its

dockets of abandoned cases. Moreover the act points out the method by which a defendant may have a cause dismissed on failure of the plaintiff's representative to be made a party, and clearly was not intended to allow a defendant to suggest the death of the plaintiff, without notice to the other side, deliberately wait until the time allowed for making parties has expired, and then to file a motion to dismiss, based on his own *ex parte* action in suggesting the death.

2. The act of 1785 referred to, is obsolete. It applied to the terms of the provincial courts as they then existed, and could not have been intended to apply to any others, least of all to different terms, created by rules passed more than a hundred years after the enactment of the statute, and belonging to a court of different *locus* and jurisdiction.

There is a dearth of authority upon the subject of obsolete laws. The general principles applicable to them are, however, laid down in the cases of *Wright* v. *Crane*, 13 Serg. & R. (Pa.) 452 ; *Snowden* v. *Snowden*, 1 Bland Ch. 555, where several instances of obsolete statutes are referred to.

The statute invoked by the appellee has been impliedly repealed by subsequent enactments. Act of Maryland of 1787, 2 Kilty, chap. 9, Nov., 1787 ; sec. 955 R. S. U. S.

The rule of the Supreme Court of the District of Columbia, authorizing the dismissal of a case if an executrix is not made a party within one year after the suggestion of the death of her testator does not appear in the new rules of court adopted March 17, 1894, and therefore cannot be invoked to deprive this appellant of the right to a trial of this action upon its merits.

*Mr. Wm. J. Miller* for appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This appeal presents a question of practice, which depends upon the construction of several statutes relating thereto. The action was brought on the 26th of September, 1890,

and was in assumpsit for the non-performance of contract. After pleas filed and issue joined, the plaintiff died, leaving a will, which was duly admitted to probate. The death of the original plaintiff was suggested by the attorney of the surviving defendant, Charles G. Ball, on the 4th of October, 1894. It appears that the death of the plaintiff occurred on the 28th of May, 1894, and that his will was admitted to probate on the 9th of June, 1894; and that, on the 20th of June, 1894, letters testamentary were granted to the widow of the deceased, who subsequently sought to become substituted plaintiff in the place of her deceased husband.

It appears that, after the expiration of more than four months from the death of the original plaintiff, his death was suggested, and such suggestion was duly entered of record, and of which fact the party succeeding the original plaintiff in interest was bound to take notice, and also of the provisions of the Maryland statute of 1785, ch. 80, in force in this District, directing the manner of making new parties to actions that otherwise would, by the common law, have abated by death of the parties. Act of 1798, ch. 101, sub-ch. 14, sec. 4.

On the 4th of October, 1895, just one year from the suggestion of the death of the original plaintiff, the surviving defendant served written notice on the attorneys of record for the plaintiff, that he would, on the following Monday, the 7th of October, 1895, move the court to strike off and discontinue the action. And after receiving this notice, and without notice to the defendant or his attorney, the present appellant, Elizabeth Danenhower, by her attorney, procured an order from the court making the appellant a party in the place of the original plaintiff, deceased, with the right and power to prosecute the action.

On the 9th of October, 1895, the defendant filed a motion to vacate and set aside the order making the appellant a party plaintiff, which motion was duly served on the attorneys of the appellant. And after hearing, the court, on the 26th of October, 1895, vacated the order making the

appellant a party plaintiff, and ordered the case to be discontinued and stricken off the docket.    It was from that order this appeal was taken.

Whether the order vacating the previous order allowing the appellant as executrix to become plaintiff in the place of the original plaintiff, and striking off the case, was justified under the facts stated, is the sole question presented; and to determine this, we must examine the statutory provisions that relate to the subject.

By the act of Maryland of 1785, ch. 80, sec. 1, in force here, it is provided that no action brought in any court of law, shall abate by the death of either of the parties to such action; and it makes provision whereby the representatives of the deceased party or parties may come in, or may be required to come in, and be made substituted parties, so that the action may be prosecuted to final judgment or determination, as the party concerned may elect.   The proceeding for bringing in such representative or substituted party is founded upon a suggestion of death of the original party made of record; and it is provided that " in case there be no appearance or proceeding by either party in any case aforesaid before the tenth day of the second court *after the death shall be suggested, then the action shall be struck off the docket and discontinued.*"

This act, by its terms, would seem to leave no discretion in the court to continue the action on the docket beyond the second term of court, after death suggested, if the representative party failed voluntarily to appear, or the adverse party failed to have him brought in according to the provisions of the act.   The act prescribes a limitation of time within which a party interested in the prosecution of the action may come in, or may have the proper representative of the deceased adverse party brought in, to become a proper party to the action.   The subsequent act of 1787, ch. 9, also in force here, does not, as supposed by counsel, apply to this case.   By that act time is limited, within the discretion of the court, beyond which the action shall

not be continued, after the appearance of the new party. The act, by its 7th section, provides, " That in all actions where, by the death of the plaintiff or defendant, new parties are made or to be made to such actions, the said courts respectively shall have a discretionary power to continue such actions as long as they shall think necessary for the due administration of justice, *not exceeding the end of the third court after the appearance court of such new party*, unless evidence, or testimony or plots be wanting, as hereinbefore provided."

In this case, no steps had been taken, after the suggestion of the plaintiff's death by the defendant, until long after the expiration of the time limited by the statute for making such new party, and not until about sixteen months from the time the appellant obtained letters testamentary upon the estate of the deceased plaintiff. In such case, and after such long delay, the executrix of the deceased plaintiff must be taken to have voluntarily abandoned the action (*Richards and others* v. *The Maryland Ins. Co.*, 8 Cranch, 84) ; and this is the presumption upon which the limitation prescribed by the statute is founded. It is, indeed, a salutary limitation for bringing to a termination pending litigations ; for, without such limitation or restriction as to time, the settlement of decedents' estates would be greatly impeded and delayed.

By the common law, and in the absence of an express statutory provision authorizing the making of new parties, the death of either plaintiff or defendant would abate the action. *Green* v. *Watkins*, 6 Wheat. 260. And it is only by pursuing the express provisions of the statute that the action can be saved from abatement or discontinuance after the death of either plaintiff or defendant. Here, at the time of the *ex parte* application made to introduce the appellant as the substituted party plaintiff, and the passage of the order admitting her as such party, the limitation had expired, and the action was in a condition to be stricken off the docket and discontinued ; and it was the right of the

defendant to have that disposition made of the case. And therefore, the *ex parte* order admitting the appellant as plaintiff, after counsel had been notified that application would be made at a certain time to have stricken off and discontinued the action, was improvidently made, and there was no error in vacating such order, and entering the case off and discontinued.

It is contended for the appellant that section 955 of the Revised Statutes of the United States, because it applies to all the courts of the United States, is in force in this District, and that the provision of the Maryland act of 1785, ch. 80, has been repealed or superseded by the United States statute. But to this proposition we cannot accede. It may be admitted, and it is doubtless true, that the section 955 of the Revised Statutes U. S. is in force in this District, so far as it is locally applicable. Rev. Stats. D. C., sec. 93. But the provisions of the two statutes must be construed *in pari materia* and as if all the provisions of both were incorporated in one statute ; and being so construed, there is no such inconsistency or repugnancy in the provisions of these statutes as to operate a repeal, the one of the other. The United States statute is general in its provisions, while the adopted act of Maryland is more specific as to method of procedure, with restrictions to prevent delay in the exercise of the right to make new parties. The Maryland act of 1785 has always been treated and regarded in practice as in full force in this District, and we see nothing to warrant the conclusion that in so regarding the act there has been error.

Finding no error in the judgment appealed from, that judgment must be affirmed.

*Judgment affirmed.*