CARLOS DEL RÍO OLMO, ET AL., represented by their father with *patria potestas* CARLOS DEL RÍO OLMO, and DIANA OLGA DEL RÍO DELGADO, Plaintiff and Appellees, *v.* MANUEL GARCÍA RIVERA, ET AL., Defendants and Appellants.

No. 9892.    Argued June 2, 1949.—Decided July 29, 1949.

*Wilson P. Colberg* for codefendants. *Víctor Gutiérrez Franqui* for Transportation Authority. *Ruíz Suria & Ruíz Suria* for appellees.

Mr. Chief Justice De Jesús delivered de opinion of the Court.

On March 21, 1946, Carlos del Río Olmo, an employee of the Government of Puerto Rico, an insured employer, was injured, while in the course of his employment, by a bus of the Transportation Authority. On July 24, 1946 the injured employee filed a complaint against the chauffeur of the bus, against the Transportation Authority and against the insurer of the latter. He also sought compensation from the State Insurance Fund.

After the hearing of the case had begun, the defendants asked leave to allege prescription. Plaintiff objected, but the Court, in the use of its discretion, granted it.

In consonance with the amendment, it was stipulated that on May 8, 1947, the plaintiff was compensated by the award rendered by the Manager of the State Insurance Fund. The lower court dismissed the defense and entered judgment for plaintiff on the merits.

The appellants assign, among other errors, the failure of the court to dismiss the complaint since the action had prescribed, and they invoke § 31 of the Workmen's Compensation Act.[1]

---

[1] Section 31 of the Workmen's Compensation Act, prior to its amendment by Act No. 16 of April 12, 1948, provided:

"In cases where the injury, the disease, or the death entitling the workman or employee or their beneficiaries to compensation in accordance with this Act has been caused under circumstances making third persons responsible for such injury, disease, or death, the injured workman or employee or his beneficiaries may claim and obtain damages from the third person responsible for said injury, disease, or death, and the Manager of the State Fund may subrogate himself in the rights of the workman or employee or his beneficiaries to institute the same action within the time and in the manner following:

"When an injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the State Fund, in accordance with the terms of this Act, is obliged to compensate in any manner or to furnish treatment for said injured workman, the Manager of the State Fund shall

■■ Pursuant to the Section cited, a workman or employee who works for an insured employer and who while in the course of his employment has an accident due to the fault or negligence of a third person, has the following remedies: (1) to sue for damages the person responsible for the injury, in which case the workman must prove that injury was caused through the fault or negligence of the third person and shall be subject to all the defenses inherent to an action for damages. His action prescribes, pursuant to § 1868 of the Civil Code, at the expiration of a year from the injury; and (2) resort to the benefits of the Workmen's Compensation Act praying for compensation from the State Insurance Fund. ■■ In that case, the Manager of the State Insurance Fund at any time after the workman or his beneficiaries avail themselves of the benefits of said Act, subrogates himself in their rights to receive compensation from the person responsible for the injury and may institute the proper action for damages which the workman or his beneficiaries might have instituted had they not resorted to the provisions of the Workmen's Compensation Act. Now, if 30 days

subrogate himself in the rights of the workman or employee or of his beneficiaries, against the third person, and may institute proceedings against the third person in the name of the injured workman or employee or of his beneficiaries at any time after the accident; and in any decision or award obtained in excess of the sum granted by the Manager, it shall be given to the injured workman or employee or to his beneficiaries.

"If the Manager fails to file a claim against the third person within the thirty (30) days following the award made, the injured workman or employee or his beneficiaries may institute such action, but this shall not indicate a renunciation of his rights in accordance with this Act; but if he obtains damages against the third person after he has received compensation from the State Fund the sum he has received from the State Fund shall be returned to the Manager and the balance of the sum granted by the court shall be delivered to the injured workman or employee or to his beneficiaries.

"Any sum obtained by the Manager of the State Fund through the means provided in this section shall be covered into the State Fund for the benefits of the particular group into which was classified the occupation or the industry in which the injured or dead workman or employee was employed." (Act No. 45 approved April 18, 1935, p. 316).

elapse after the Manager grants compensation to the workman or to his beneficiaries, without the former subrogating himself in the rights of the workman or his beneficiaries and instituting the corresponding action for damages, the workman or his beneficiaries were entitled under § 31 of the aforesaid Act to institute the action for damages in which the Manager did not subrogate himself. This right of the workman or his beneficiaries is subject to the condition that the amount which the State Insurance Fund paid to the workman or his beneficiaries as compensation shall be deducted from the judgment rendered and the remainder, if any, shall correspond to the latter. It is true that this Section prior to its amendment by Act No. 16 of April 12, 1948, provided that the Manager of the State Fund had the right to institute the proceedings in the name of the workman or his beneficiaries *at any time*. This does not imply that the action that could be instituted by the Manager of the State Fund had no limitation for prescription. It means that according to § 31 of the Workmen's Compensation Act as it read at the time of the accident, the Manager was not bound to wait until he rendered the award for instituting the proceedings. It should not be understood that the person responsible for the injury must be with the Damocles sword on his neck during all the time that the Manager may desire to have the case pending. ■ We must not lose sight of the fact that according to the modern concept of the limitations of actions, the statute of limitations is designed to protect the citizens from stale and vexatious claims and to put an end to the possibility of litigation after the lapse of a reasonable time. *Chase Securities Corp.* v. *Donaldson*, 325 U. S. 304 (Minn. 1945) and *Guaranty Trust Co.* v. *United States*, 304 U. S. 126 (1938).

■ Section 31 did nothing else than subrogate the Manager in the rights of the workman or his beneficiaries. *Cordero, Mgr.* v. *American Railroad Co.*, 66 P.R.R. 438. As subrogated, the Manager had no more rights than the workman or

his beneficiaries, ▮ and the latter's action, pursuant to § 1868 of the Civil Code, prescribes within the year from the date of the accident, there being no statutory provision under which the contrary may be inferred,[2] for ▮ exceptions to the statute of limitations of actions are not favored by the courts. *Richards* v. *Maryland Insurance Co.*, 8 Cranch 84.

▮ It cannot be urged that the complaint filed by the workman herein interrupted the prescription. The complaint was filed prematurely, for the workman was only entitled to file it thirty days after the award was rendered by the Manager of the State Fund, and we have already seen that when it was filed, the award had not yet been rendered. It may be argued that according to this interpretation, the cause of action of the workman or his beneficiaries is at the mercy of the Manager to render his award within the year following the accident. Possibly conscious of this situation the Legislature amended § 31 of the Workmen's Compensation Act by Act No. 16 of April 12, 1948 (see footnote 2) providing that the statute of limitations shall begin to run from the date of the final decision of the case by the Manager of the State Fund. But inasmuch as when the afore-men-

---

[2] Section 31 of the Workmen's Compensation Act, as amended by Act No. 16 of April 12, 1948, in its pertinent part, provides:

"Section 31.—In cases where the injury, the occupational disease, or the death entitling the workman or employee or their beneficiaries to compensation in accordance with this Act has been caused under circumstances making third persons responsible for such injury, disease, or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death, *within one year following the date of the final decision of the case by the Manager of the State Insurance Fund,* who may subrogate himself in the rights of the workman or employee or his beneficiaries to institute the same action in the manner following:

". . . . . . . . .

"If the Manager should fail to institute action against the third person responsible *within the term of ninety days* from the date of the final decision of the case, *the workman or employee* or his beneficiaries shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case." (Italics ours.)

tioned Act No. 16 was approved the statute of limitations within which the workman could institute his action had expired, said Act did not revive the right to institute the action.

The lower court, therefore, erred in overruling the plea of prescription, and consequently, in entering judgment in favor of the plaintiff. The judgment will be reversed and the complaint dismissed, with costs on plaintiff.

Mr. Justice Tood, Jr., and Mr. Justice Snyder dissented.