CARLOS DEL RÍO OLMO, ANGEL LUIS y ROSA LYDIA DEL RÍO DELGADO, menores de edad éstos representados por su padre con patria potestad CARLOS DEL RÍO OLMO, y DIÁNA OLGA DEL RÍO DELGADO, demandantes y apelados, *v.* MANUEL GARCÍA RIVERA, EL PUEBLO DE PUERTO RICO, LA AUTORIDAD DE TRANSPORTE DE PUERTO RICO y THE HARTFORD ACCIDENT AND INDEMNITY CO., demandados y apelantes.

Núm. 9892.—*Sometido:* Junio 2, 1949. *Resuelto:* Julio 29, 1949.

*Wilson P. Colberg,* abogado de los codemandados García Rivera y Hartford Accident & Indemnity Co.; *Víctor Gutiérrez Franqui,* abogado de la Autoridad de Transporte; *Ruiz Suria & Ruiz Suria,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El día 21 de marzo de 1946, mientras Carlos del Río Olmo, empleado del Gobierno de Puerto Rico, patrono asegurado, se hallaba en funciones de su empleo, fué lesionado por un ómnibus de la Autoridad de Transporte. El 24 de julio de 1946 el lesionado radicó demanda contra el chófer del ómnibus, contra la Autoridad de Transporte y contra la compañía aseguradora de ésta. Además solicitó compensación del Fondo del Seguro del Estado.

Luego de comenzada la vista del caso, los demandados solicitaron permiso para adicionar a su contestación la defensa de prescripción. El demandante se opuso, pero el Tribunal, en uso de su discreción, la permitió.

En consonancia con la enmienda, se estipuló que el 8 de mayo de 1947 el demandante fué compensado mediante adjudicación hecha por el Administrador del Fondo del Seguro del Estado. La corte inferior desestimó la defensa y, por los méritos del caso, dictó sentencia a favor del demandante.

Los apelantes señalan, entre otros errores, el de no haberse desestimado la demanda por haber prescrito la acción, e invocan el artículo 31 de la Ley de Compensaciones a Obreros. (¹)

■■ De conformidad con el citado artículo, el obrero o empleado que trabaja para un patrono asegurado y que mientras actúa dentro de las funciones de su empleo sufre un accidente por culpa o negligencia de una tercera persona, tiene los siguientes remedios: (1) demandar en daños y perjuicios al causante del daño, en cuyo caso deberá probar que éste fué causado por culpa o negligencia de la tercera persona y estará sujeto a todas las defensas inherentes a la

---

(¹) El artículo 31 de la Ley de Compensaciones a Obreros, antes de ser enmendado por la Ley núm. 16 de 12 de abril de 1948 ((1) pág. 29), prescribía:

"En los casos en que la lesión, la enfermedad, o la muerte que dan derecho al obrero, empleado o sus beneficiarios a compensaciones, de acuerdo con esta Ley, le hubiere provenido bajo circunstancias que hacen responsables a terceras personas de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios de la tercera persona responsable de dicha lesión, enfermedad o muerte, y el Administrador del Fondo del Estado podrá subrogarse en los derechos del obrero, empleado o de sus beneficiarios para entablar la misma acción, dentro del tiempo y en la forma que sigue:

"Cuando un obrero o empleado lesionado, o sus beneficiarios en caso de muerte, tuvieren derecho a entablar una acción por daños en contra de una tercera persona, en aquellos casos en que el Fondo del Estado, de acuerdo con los términos de esta Ley, estuviere obligado a compensar en alguna forma o a proporcionar tratamiento a dicho lesionado, el Administrador del Fondo del Estado, se subrogará en los derechos del obrero, empleado o de sus beneficiarios contra la tercera persona y podrá entablar procedimientos en contra

acción de daños y perjuicios. Su acción prescribe, de conformidad con el artículo 1868 del Código Civil, al expirar un año de haberse causado el daño; y (2) acogerse a los beneficios de la Ley de Compensaciones a Obreros solicitando compensación del Fondo del Seguro del Estado.

En tal caso, el Administrador del Fondo del Seguro del Estado en cualquier tiempo después de haberse acogido el obrero o sus beneficiarios a los beneficios de dicha ley, se subroga en los derechos de aquéllos a recibir indemnización del causante del daño y puede establecer la correspondiente acción de daños y perjuicios que hubieran establecido el obrero o sus beneficiarios si no se hubieran acogido a las disposiciones de la Ley de Compensaciones a Obreros. Ahora bien, si después que el Administrador adjudica la compensación a favor del obrero o sus beneficiarios pasan treinta días sin que el Administrador, subrogándose en los derechos del obrero o sus beneficiarios, establezca la correspondiente acción de daños y perjuicios, el artículo 31 de la Ley antes mencionada confería al obrero o sus beneficiarios, el derecho de establecer la acción de daños y perjuicios en

de la tercera persona, y en nombre del obrero, o empleado lesionado o de sus beneficiarios en cualquier tiempo después del accidente, y en cualquier decisión o adjudicación que se obtenga el exceso de la suma concedida por el Administrador, se dará al obrero o empleado lesionado o a sus beneficiarios.

"Si el Administrador deja de entablar demanda contra la tercera persona dentro de los treinta (30) días después de la adjudicación hecha, el obrero o empleado lesionado o sus beneficiarios podrán entablar tal acción sin que esto represente una renuncia de sus derechos, de acuerdo con esta Ley; pero si obtuvieran en el cobro de daños contra la tercera persona después de haber recibido compensación del Fondo del Estado, la suma que hubieran recibido del Fondo del Estado será devuelta al Administrador y el balance de la suma concedida por la corte, se entregará al obrero o empleado lesionado o a sus beneficiarios.

"Cualquier suma obtenida por el Administrador del Fondo del Estado, por los medios dispuestos en este artículo serán ingresados (sic) en el Fondo del Estado a beneficio del grupo particular en que se clasificaba la ocupación o la industria en que se empleaba el obrero o empleado lesionado o muerto."
(Ley núm. 45 de 18 de abril de 1935, pág. 317.)

que no se subrogó el Administrador. Este derecho del obrero o sus beneficiarios está sujeto a la condición de que de la sentencia obtenida habrá de deducirse la cantidad que por concepto de compensación pagó el Fondo del Seguro del Estado al obrero o sus beneficiarios y el resto, si lo hubiere, corresponderá a estos últimos. Es verdad que el referido artículo antes de ser enmendado por la Ley núm. 16 de 12 de abril de 1948 prescribía que el Administrador del Fondo del Estado tenía el derecho de establecer la acción a nombre del obrero o sus beneficiarios *en cualquier tiempo*. Esto no implica que la acción que podía establecer el Administrador del Fondo del Estado no tenía término de prescripción. Lo que quiere decir es que de acuerdo con el artículo 31 de la Ley de Compensaciones a Obreros como regía a la fecha en que ocurrió el accidente, el Administrador no tenía que esperar a hacer la adjudicación para poder entablar la acción. No debe interpretarse que el causante del daño tenga que estar con la espada de Damocles sobre su cabeza por todo el tiempo que el Administrador quiera tener pendiente el caso.

█ No debemos perder de vista que de acuerdo con el concepto moderno de la prescripción de las acciones, la prescripción tiene por objeto proteger a los ciudadanos contra viejas y molestosas reclamaciones y poner fin a la posibilidad de litigios después de un lapso de tiempo razonable. *Chase Securities Corp.* v. *Donaldson,* 325 U. S. 304 (Minn. 1945) y *Guaranty Trust Co.* v. *United States,* 304 U. S. 126 (1938).

█ El artículo 31 no hacía otra cosa que subrogar al Administrador en los derechos del obrero o sus beneficiarios. *Cordero, Administrador* v. *American Railroad Co.,* 66 D.P.R. 460. Como subrogado, el Administrador no adquiría más derechos que los que tenían el obrero o sus beneficiarios, █ y la acción de éstos, de conformidad con el artículo 1868 del Código Civil, prescribe dentro del año de ocurrido el accidente, a falta de

un precepto legal del cual pueda deducirse lo contrario,(²) pues ▇ las excepciones en los estatutos de prescripción de acciones, no son favorecidas por los tribunales. *Richards* v. *Maryland Insurance Co.,* 8 Cranch 84.

▇ No se nos arguya que la demanda que presentó el obrero en este caso interrumpió el término prescriptivo. Esa demanda se radicó prematuramente, pues el obrero sólo tenía derecho a radicarla treinta días después de hecha la adjudicación por el Administrador del Fondo del Estado, y ya hemos visto que cuando se radicó, la adjudicación no había sido hecha. Podrá argüirse que de acuerdo con esta interpretación, la causa de acción del obrero o sus beneficiarios está a merced de que el Administrador haga la adjudicación dentro del año de ocurrido el accidente. Posiblemente teniendo en cuenta esta situación el legislador enmendó el artículo 31 de la Ley de Compensaciones a Obreros por la Ley núm. 16 de 12 de abril de 1948 (véase nota 2) disponiendo que el término de prescripción empezará a contarse a partir de la fecha de la resolución final del caso por el Administrador del Fondo del Estado. Pero como cuando se aprobó la Ley núm. 16 antes citada ya el término de prescripción para que

---

(²) El artículo 31 de la Ley de Compensaciones a Obreros, según fué enmendado por la Ley núm. 16 de 12 de abril de 1948, en lo pertinente, prescribe:

"Artículo 31.—En los casos en que la lesión, enfermedad ocupacional o la muerte que dan derecho al obrero, empleado o sus beneficiarios a compensaciones, de acuerdo con esta Ley, le hubiere provenido bajo circunstancias que hacen responsables a terceras personas de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios de la tercera persona responsable de dicha lesión, enfermedad o muerte *dentro del año subsiguiente a la fecha de la resolución final del caso por el Administrador del Fondo del Seguro del Estado,* y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:

"* * * * * * *

"Si el Administrador dejare de entablar demanda contra la tercera persona responsable dentro del *término de noventa días,* a partir de la fecha de la resolución del caso, *el obrero o empleado,* o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso." (Bastardillas nuestras.)

el obrero pudiera establecer su acción había expirado, dicha ley no revivió el derecho a establecer la acción.

Erró, pues, la corte inferior al desestimar la defensa de prescripción, y en consecuencia, al dictar sentencia a favor del demandante. *Procede revocar la sentencia y declarar sin lugar la demanda, con imposición de costas a los demandantes.*

Los Jueces Asociados Señores Todd, Jr., y Snyder disintieron.