Mr. Justice Story
 

 delivered the opinion of the Court.
 

 The preliminary question which has been argued at the bar, is, whether the writ of error in this case,
 
 *262
 
 which is a writ of right, has abated by the death of the demandant, who is the plaintiff in error, pending the proceedings in this Court. There is a material distinction between the death of parties before judgment and after judgment, and while a writ of error-is depending. In the former case, all personal actions by the common law abate ; and it required the aid of some statute, like that of the thirty-first section of the Judiciary Act of 1789, ch. 20. to enable the action to be prosecuted by or against the personal representative of the deceased, when the cause'of action survived. In real actions, the like principle prevails, for a still stronger reason, for, by the deáth of either party, the right descends to the heir, and a new cause of action springs up; and the plea is not, ttierefore, in the same condition as it was in the fife-, time of the party.
 

 But, in cases of writs of error upon judgments already rendered, a different rule prevails. In personal actions, if the plaintiff in error dies before assignment of error, it is said that by the course of proceedings at common law, the writ abates ; but if, after assignment of errors, it is otherwise. In this latter case, the defendant may join in error, and proceed to get the judgment affirmed, if not erroneous ; and he may then revive it against the representatives of the plaintiff. But in no case does a writ of error in personal actions abate by the death of the defendant in error, whether it happen before or after errors assigned. If it happen before, and the plaintiff will not assign errors, the representatives of the defendant may have a
 
 scire facias quart executia non>
 
 in order to compel
 
 *263
 
 him ; if it. happen after, they, must proceed as if the defendants were .• living, till, judgment be affirmed, and then revive by
 
 scire facias.
 
 And the plaintiff, in order to .compel the representatives of the defendant in error, to join in error, may sue out a
 
 scire facias ad audiendum erf
 
 ores, either generally, or naming them. Such is the. doctrine of approved authorities.
 
 a
 
 It is clear, therefore, that at common'law, in these cases, a writ of error does not necessarily abate r and that the personal representatives may not only be admitted voliiótarily to become parties, but a
 
 scire facias
 
 may issue to require them to become parties. And such has been the practice hitherto adopted in this Court in all personal actions, whether there has been an assignment of errors or not; for, a specific assignment of errors has never been insisted on here,, as a preliminary to the argument, or decision of the cause.
 

 In respect to real actions, this is the first time the question has presented itself upon a writ of error, where the death of either party has occurred
 
 pen-dente lite.
 
 There is no doubt that the heir or privy, in estate, who is injured by an erroneous judgment, may prosecute a writ of error, to reverse it. And there seems no good reason why, in case of the death of his ancestor, pending proceedings, he may not be admitted to become a party, or be cited to become a party, to pursue or defend the writ, in the same manner as in personal actions. The death of neither party produces any change in the condition
 
 *264
 
 of the cause, or in the rights of the parties. It would seem reasonable, therefore, that the suit should proceed, and not be dismissed or abated. 'In the absence of all authority which binds the Court toa different course, we are disposed to adopt this doctrine, and shall promulgate a general rule on the subject.
 

 Rule accordingly.
 

 a
 

 2
 
 Tidd's
 
 Pr.
 
 ch.
 
 43.
 
 Error,
 
 p. 1096