Ewing, C. J.
In May term, 1826, of the Court of Common Pleas of the county of Hunterdon, the administrators of John Philhower, deceased, entered an appeal from a judgment against them in favor of Eliza Voorhees. In January, 1828, she intermarried with John Crammer. At a special term in March, 1829, the appellee, without having caused her husband to be made a party to the appeal, moved to dismiss it, and by order of the court it was dismissed, because not demanded in season, and for defects of the appeal bond. The administrators, plaintiffs in certiorari, seek to reverse the order of dismissal, as under these circumstances, improvidently made.
As this proceeding by appeal from the court for the trial of small causes, is the creature of our own statute, and unknown to the common law, we can expect from the latter no direct precedents to guide us where statutory provisions are wanting. Analogies may do so, as far as they are found. In Green v. Watkins, 6 Wheat. 262, Justice Story, speaking of the death of parties in personal actions, said, “ At common law in these cases, a writ of error does not necessarily abate; the personal representatives may not *81 unly be admitted voluntarily to become parties, but a scire facias may issue to require them to become parties. ■ And such has been the practice hitherto adopted in this court in .all personal actions.”
The appeal in the present case did not abate by the marriage of the appellee. Her act is not to defeat the redress sought by her adversary. Thereby, however, another person became interested in tho judgment appealed from, and he, therefore, should *have been made a party. Both appellant and appellee are, for certain purposes, actors; the une to prosecute the appeal to an hearing, the other to dismiss the appeal if irregularly made, or, if regular, to support by proof, the alleged cause of action and to sustain the judgment. Upon the suggestion of either to the court, tho husband might have been made a party. Without it, neither could legally move in the case. The application of the appellee to dismiss the appeal, without previously causing her husband to be made a party, was irregular, and the order of the court founded upon it should be set aside.
We cannot, however, as desired by the plaintiff in certiorari, look into the transcript of the justice to ascertain •whether his proceedings are correct; nor can we inquire into the alleged insufficiency of the reasons for dismissing 'the appeal. On these matters we express no opinion. We ■are merely to set aside the order of dismissal and remit the .case to the Court of Common Pleas, in order that the proceedings being reinstated there, as they stood before the dismissal, the court may proceed thereon according to law.