JAMES DUGGAN, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVE-
NUE, RESPONDENT.

Docket No. 17208. Entered December 16, 1930.

MEMORANDUM.

MURDOCK: On December 10, 1928, at a hearing in this case, the parties introduced their evidence and a time was fixed for filing briefs. Thereafter, briefs were filed, and on March 7, 1929, the Board heard oral argument of counsel. On April 9, 1929, counsel for the petitioner filed a paper suggesting to the Board the death of James Duggan, the petitioner. On January 6, 1930, the Board promulgated its report. On January 16, 1930, the respondent filed a motion suggesting that James Duggan, the petitioner, had died on March 1, 1929, and moved that the Biscayne Trust Co. of Miami, Fla., executor of the estate of James Duggan, be substituted as the petitioner in the proceeding, and in support of this motion submitted a certified copy of letters testamentary issued April 15, 1929, to the aforesaid company. On January 17, 1930, the respondent filed a proposed recomputation and notice of settlement. On January 21, 1930, the Board ordered the substitution of the Biscayne Trust Co., executor of the estate of James Duggan, deceased. On January 25, 1930, the Board mailed a notice under Rule 50 to E. Barrett Prettyman, Esq., counsel in the case for James Duggan, stating that the hearing on the recomputation would be held on February 19, 1930. E. Barrett Prettyman returned this notice with the statement that he did not represent the Biscayne Trust Co., executor of the estate of James Duggan, deceased. Thereafter, on February 7, 1930, the Board sent a notice under Rule 50 to the Biscayne Trust Co., Miami, Florida, stating that the hearing on the recomputation would be held on March 5, 1930.

On March 1, 1930, counsel appearing specially for the Biscayne Trust Co. moved that the Board vacate and set aside its order of January 21, 1930, substituting the Biscayne Trust Co. On March 5, 1930, this same counsel appeared and argued the aforesaid motion. Counsel for the respondent was also heard on this question and also on the question of the recomputation under Rule 50. On April 14, 1930, the Board's order of January 21, 1930, making the substitution, was vacated and set aside. On April 22, 1930, the respondent applied for an order directing the Biscayne Trust Co., as executor of the last will and testament of James Duggan, deceased, to show cause why it should not be substituted as the petitioner in the above entitled proceeding in lieu of James Duggan, deceased. On April 28, 1930, the Board issued an order on the Biscayne Trust Co., as executor of the last will and testament of James Duggan, deceased, to show cause on May 21, 1930, why it should not be substituted as the petitioner. A copy of this order was delivered to Lee C. Robinson, vice president of the Biscayne Trust Co. The Biscayne Trust Co. filed on May 19, 1930, a return to the rule to show cause issued April 28, 1930, praying that the rule to show cause be discharged. The argument of both parties was then heard. Thereafter, on September 20, 1930, counsel for the Biscayne Trust Co., who had entered their special appearances as aforesaid, filed a paper with the Board suggesting that the Biscayne Trust Co. is no longer the executor of the estate of James Duggan, deceased, and that they are informed and believe that Lee C. Robinson is now the administrator de bonis non cum testamento annexo of the estate of James Duggan, deceased; the Biscayne Trust Co. suspended operations in June, 1930, due to financial difficulties; the Guardian Trust Co. of Miami, Fla., was appointed liquidator of the Biscayne Trust Co. and, as such, on August 18, 1930, was appointed administrator de bonis non cum testamento annexo of the estate of James Duggan, deceased; and thereafter, Lee C. Robinson of Miami, Fla., was appointed administrator de bonis non cum testamento annexo in place of the Guardian Trust Co. A copy of this paper was served upon the respondent, but he has taken no further action.

The Biscayne Trust Co., in response to the order to show cause, argued that the proceeding abated upon the death of James Duggan; that the Board is without power to revive it; and that the Board

can not secure jurisdiction over the Trust Co. as executor in this proceeding, and prayed that the Board discharge the rule to show cause. In denying a motion to dismiss a related case because of the death of Michael Duggan, the petitioner in that case, the Board said:

The record shows that Michael Duggan died on February 24, 1928, nearly two years after his appeal to this Board has been perfected and before hearing or decision thereof, and also that the action is one which survives against his estate. The single duty imposed by law on the Board of Tax Appeals is to review the administrative determinations of deficiencies or liabilities asserted by the Commissioner, and to redetermine the amounts, if any, due the Government. It is clear, therefore, that jurisdiction resulting from an appeal here, in conformity with law and our rules of procedure, continues unimpaired until our functions are terminated by decision or dismissal. There is no abatement of an appeal upon the death of the appellant, and the motion to dismiss is, therefore, overruled. *Green* v. *Watkins*, 6 Wheat. 260; *March* v. *Supreme Lodge Knights of Honor*, 29 Fed. 896.

The above statement is applicable in this proceeding, which was properly instituted for the determination of a liability as a transferee, asserted against the decedent during his lifetime. The personal representative of a deceased stands in the place of the deceased in respect to such proceedings before the Board, and if, as here, the original petitioner dies pending the final decision of the case, the Commissioner's determination, the right to proceed before the Board, and the Board's jurisdiction to hear and decide the controversy survive, and it is not necessary that an entirely new proceeding be instituted under section 280 for arriving at the same end by a more indirect route.

The Board has nothing whatever to do with collection. Its sole function in this case is to determine the question of liability, which has been properly submitted to it. It was authorized to prescribe rules of practice. In the interests of orderly procedure, the Board adopted and published its Rule 37, providing for the substitution of parties. We need not decide, and we do not decide in this proceeding, whether or not, under Rule 37, the Board has the power to substitute as party petitioner one whom it could otherwise properly substitute, when that one does not request or consent to the substitution. Attorneys in good standing before this Board who are appearing as counsel in this proceeding have suggested to the Board, since the hearing on the rule to show cause, that the Biscayne Trust

Co. is no longer executor of the estate of James Duggan, and that others have been appointed administrators of his estate. A copy of this paper was served upon the respondent, but he has made no move since so served. In this state of the record we can see no reason to substitute for James Duggan the Biscayne Trust Co., executor of the estate of James Duggan, as petitioner. From the standpoint of orderly procedure, it would be desirable to have before the Board as a party the one now authorized to act for James Duggan, deceased, and to serve that one with any further notices or papers in the case. But there is no absolute necessity for the substitution of any one as party petitioner in this proceeding. The Board is required to give the taxpayer and the Commissioner notice and an opportunity to be heard upon any proceeding instituted before it. If the Board gives reasonable notice to the best of its ability under Rule 50, then, we think, the requirements of the statute and of our rules have been met. Out of an abundance of precaution in this proceeding, the Board will send notices under Rule 50 to the respondent, to James Duggan, Wofford Hotel, Miami, Florida (the last address of James Duggan known to the Board), to Lee C. Robinson, Esq., Administrator d. b. n. c. t. a. of the Estate of James Duggan, deceased, 512 N. E. 15th Street, Miami, Florida, and to the Biscayne Trust Company, Executor of the Estate of James Duggan, deceased, Miami, Florida (since the respondent seems to think that it is still the proper representative of James Duggan).

Reviewed by the Board.

TRAMMELL, dissenting: In my opinion, the Board is without authority to decide the issues in a proceeding in which only the Commissioner is before the Board. It is well recognized that a judgment can not be entered against a deceased person and, if entered, it is void. Conceding that substitution might be made and that the executor or administrator might be made a proper party (at least, on his own motion), there has been no substitution in this proceeding. In the absence of a proper substitution of parties, it seems to me that the only alternative is by transferee proceedings.

In my opinion, there should be some one, over whom the Board has jurisdiction, before it, to whom notice should be sent giving an opportunity to be heard before a final order is entered, otherwise, in my opinion, any further proceedings, are void and of no effect.