*Decision will be entered under Rule 50.*

CLYDE L. MARTIN AND GRACE MARTIN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92394. Filed June 26, 1962.

*John A. Shaw, Esq.*, for the petitioners.
*Claude R. Sanders, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* The respondent determined a deficiency in the income tax of the petitioners for the calendar year 1957 in the amount of $1,800.24.

The statutory notice was issued February 23, 1961. The petition herein was filed May 19, 1961, and respondent's answer was filed July 10, 1961. The principal issue presented by the pleadings is whether petitioners were entitled to apportion a fee of $20,000, received in 1957, over the years 1951 through 1957, under the provisions of sections 1301 to 1307, inclusive, of the Internal Revenue Code of 1954. Other issues arose out of the disallowance by respondent of certain deductions which had been claimed by petitioners for salaries and wages, telephone expenses, dues, licenses, and advertising. In determining the deficiency respondent allowed an additional deduction for legal expenses incurred in connection with the $20,000 fee, as well as the

standard deduction of $1,000 and personal exemptions in the amount of $2,400.

Petitioners were husband and wife. At the time the petition was filed they resided in Clayton, Missouri. The return for 1957 was filed with the district director of internal revenue at St. Louis, Missouri.

At the time this case was called for trial at St. Louis, Missouri, on June 4, 1962, John A. Shaw, who had been petitioners' counsel of record, informed the Court that both of the petitioners had died subsequent to the filing of the petition—Clyde L. Martin on June 1, 1961, and Grace Martin on March 4, 1962; that they were survived by two adult sons; but left no estate and administration had not been granted or requested for the estate of either of the decedents and none was contemplated; that under the circumstances no substitution of parties had been made and he had no evidence to offer. Counsel for respondent moved to dismiss the case for want of prosecution and this motion was taken under advisement by the Court.

It is well settled that the jurisdiction of this Court which attached upon the filing of the petition is not divested despite the failure of substitution under Rule 23 of the rules of practice of this Court. *Roy R. Yeoman*, 25 T.C. 589. Respondent's motion to dismiss is granted.

*Decision will be entered for the respondent.*