HARRY B. NORDSTROM AND DOROTHY K. NORDSTROM, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2521–64.   Filed April 8, 1968.

*Andrew S. Coxe*, for the respondent.

OPINION

DRENNEN, *Judge:* On June 11, 1964, a petition in the above-entitled case was timely filed with this Court on behalf of Harry B. Nordstrom and Dorothy K. Nordstrom, which was signed by their counsel and which was verified by each of the petitioners. That petition was based upon a single joint statutory notice of deficiency, addressed to both petitioners, wherein the respondent had determined a deficiency in income tax and an addition to tax for fraud under section 6653(b), I.R.C. 1954, for each of the years 1956 through 1961. The case thereafter became at issue, and was twice calendared for trial at St. Paul, Minn., but was in each instance continued upon joint motions of the parties, duly granted by the Court.

Subsequent to the last continuance, and on January 24, 1968, the respondent filed a motion to dismiss this case, insofar as it pertains to petitioner Harry Nordstrom, for lack of prosecution, and to determine that there are deficiencies and additions to tax due from Harry Nordstrom in amounts set out in the motion.[1] As grounds in support of the motion respondent alleges that Harry Nordstrom died on October 27, 1966; that respondent has been advised by counsel of record for petitioners that Harry's last will and testament will not be offered for probate; that no special representative will be appointed to act on behalf of Harry's estate; and that a settlement of the case has been effected by and between respondent and petitioner Dorothy Nordstrom, calling for deficiencies and additions to tax in the same amounts as those prayed in the motion to be determined against Harry. The settlement stipulation, executed by Dorothy Nordstrom and by counsel for respondent, was also filed with the Court.

That motion was calendared for hearing on February 28, 1968, and when the same came on for hearing there was no appearance by or on behalf of either petitioner. Respondent argued the motion, and

---

[1] The amounts prayed for in the motion differ from the determined amounts in the following particulars: As to deficiencies, there is no deficiency in the motion for 1956; as to the additions to tax for fraud there is only an addition for 1961 in the motion. In all other respects the amounts stated in the motion and those in the statutory notice of deficiency are the same.

the Court has taken the motion under advisement to determine the proper procedure to be followed in cases where a petitioner dies during the interval between the time his petition is filed and the time the case is called for trial, and no personal representative is substituted as a party petitioner pursuant to Rule 23, Tax Court Rules of Practice.

In 1930, relatively soon after the Board of Tax Appeals (predecessor of this Court) was organized, counsel on behalf of a petitioner who had died after his petition was filed but before trial moved to dismiss the case. The Board denied that motion and in so doing stated as follows, *James Duggan*, 18 B.T.A. 608, 625:

The record shows that Michael Duggan died on February 24, 1928, nearly two years after his appeal to this Board had been perfected and before hearing or decision thereof, and also that the action is one which survives against his estate. The single duty imposed by law on the Board of Tax Appeals is to review the administrative determinations of deficiencies or liabilities asserted by the Commissioner, and to redetermine the amounts, if any, due the Government. It is clear, therefore, that jurisdiction resulting from an appeal here, in conformity with law and our rules of procedure, continues unimpaired until our functions are terminated by decision or dismissal. There is no abatement of an appeal upon the death of the appellant, and the motion to dismiss is, therefore, overruled. *Green* v. *Watkins*, 6 Wheat. 260; *Marck* v. *Supreme Lodge Knights of Honor*, 29 Fed. 896.

This Court thereafter cited and followed the *Duggan* case in *Roy R. Yeoman*, 25 T.C. 589, 593 (1955), where, although there was no motion to dismiss as to a deceased petitioner, the Court on its own volition examined the question of its jurisdiction. In holding that the Court was not divested of jurisdiction, we stated:

If we accept the fact of petitioner's death, though no evidence to that effect has been offered other than the statements of counsel referred to, the record presents a possible jurisdictional question, i.e., whether the Court has been ousted from jurisdiction by virtue of petitioner's death and there having been no substitution of any personal representative or other appearance on his behalf at the hearing. See Rules of Practice, Rule 23.

We conclude, however, that the Court has not been divested of jurisdiction. In an early case *James Duggan*, 18 B.T.A. 608, where a similar factual situation existed, and counsel had moved to dismiss on the ground the action had abated by virtue of petitioner's death, the motion was denied, and we held that the jurisdiction resulting from an appeal here "continues unimpaired until our functions are terminated by decision or dismissal," and that there is "no abatement of an appeal upon the death of the appellant." And in later proceedings in the same case, 21 B.T.A. 740, 743, while pointing out the desirability from the standpoint of orderly procedure of having before the Court the one authorized to act for the deceased petitioner, we nevertheless said, "But there is no absolute necessity for the substitution of any one as party petitioner in this proceeding." Accordingly, we hold here that our jurisdiction to decide the case continues despite petitioner's death and the failure to substitute a personal representative.

To the same effect, see *Clyde L. Martin*, 38 T.C. 416.

The foregoing makes it clear that the Court's jurisdiction over a case continues unimpaired by the death of a petitioner and even though there is no personal representative appointed to act in the place and stead of the decedent. And if our jurisdiction continues, then there must be a procedural means to bring the case to a close.

Such a means, it seems to us, is the device of having the respondent move to dismiss the case for lack of prosecution. Under section 7459(d), I.R.C. 1954, if the Court dismisses a case, its decision—

dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary or his delegate. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction.

The impact of that statutory provision is, of course, that a dismissal for lack of prosecution will bring the case to a close in this Court.

It must be recognized, we think, that even though no representative of the decedent has come forward to press for the relief sought by the decedent when he was alive and filed his petition for redetermination, there may be survivors whose monetary interests are capable of being affected by satisfaction of the liabilities which will be determined consequent upon a dismissal for lack of prosecution. In recognition of the affectability of those interests, it seems appropriate to give notice of the proceedings to those whose interests stand to be affected, so that they may have an opportunity to be heard if they so desire or, perhaps, to seek the appointment of a personal representative by the appropriate court having jurisdiction over the decedent's estate.

The record in the Tax Court case of a deceased petitioner is not likely to reveal the names of survivors with an interest. However, the Court can enter an order requiring the respondent, the surviving spouse if he or she be a party to the case, and counsel representing such surviving spouse, to furnish the Tax Court, insofar as ascertainable and to the best of their abilities, the names and addresses of the heirs at law of the decedent, under the law of the jurisdiction wherein the decedent was a resident when his death occurred. Upon receiving such information the Court can then take appropriate steps to notify those having such an interest and afford them an opportunity to take whatever action may be proper to protect their interests.

Accordingly, in the instant case, an order will be issued directing the respondent, Dorothy K. Nordstrom, and counsel of record for Dorothy Nordstrom to file with the Court a stipulation showing the names and addresses of the heirs at law of Harry B. Nordstrom insofar as they can reasonably be ascertained; and, since this record contains no evidence on the point, the stipulation document shall contain a stipulation as to the fact of Harry Nordstrom's death and the date and place

of his demise. When that stipulation shall have been received and filed, the Court will take such action as it deems appropriate in the circumstances. In the meantime the Court will continue to hold the respondent's motion filed on January 24, 1968, under advisement.