ABRAHAM SILINSKY AND STELLA SILINSKY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Silinsky v. Commissioner
Docket No. 5643-65.
United States Tax Court
T.C. Memo 1983-663; 1983 Tax Ct. Memo LEXIS 130; 47 T.C.M. (CCH) 221; T.C.M. (RIA) 83663; October 31, 1983. Jack H. Klinghoffer, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: The respondent determined that there are deficiencies in income tax and additions to tax due from the petitioners as follows: Additions to Tax
Year
Deficiency
Under Sec. 6653(b)(1) [1]
1957
$436,776.42
$218,518.07
1958
755,349.40
377,817.20
1959
328,558.27
164,279.14
*131 The respondent has conceded that no part of the deficiencies in tax is due to fraud on the part of Stella Silinsky and that under section 6653(b)(4) she is not liable for the additions to tax provided by section 6653(b)(1). With this concession, the issues remaining for our decision are: (1) should the respondent's motion to dismiss the petition for lack of prosecution be granted with respect to the underlying deficiencies; (2) is the addition to tax provided by section 6653(b)(1) due from Abraham Silinsky for each of the years 1957, 1958 and 1959; and (3) are the deficiencies and the additions to tax for any of the years 1957, 1958 and 1959 barred by the statute of limitations? FINDINGS OF FACT During the years 1957, 1958 and 1959 Abraham Silinsky was a stock promoter. He and Stella Silinsky were husband and wife, resided in New York, and filed joint income tax returns. Stella Silinsky is a petitioner herein solely because she signed the joint returns for the years in dispute. Consequently, hereinafter petitioner shall refer only to Abraham Silinsky. Respondent *132 audited the returns and on July 1, 1965 mailed to the petitioners a statutory notice determining the deficiencies in tax and the additions to tax set forth above. On September 21, 1965, the petitioners filed their petition in this Court. They were both still living in New York City at that time. In 1978, Abraham Silinsky died. Stella Silinsky predeceased him in 1974. Prior to the death of the petitioners, they were represented in this matter by Mr. Harold Greenberg, attorney at law, 540 Madison Avenue, New York, New York. However, on February 10, 1982, Mr. Greenberg filed a motion for leave to withdraw as counsel for the petitioners because as stated in his motion both petitioners were ceceased, there was no administration of their estates, and neither of them had any heir at law or next of kin except three nieces who resided in Miami, Florida, and who apparently were not interested in prosecuting the case for the petitioners. By order entered herein on March 22, 1982, and served upon the respondent and the aforesaid nieces, [2] Mr. Greenberg's motion for leave to withdraw as counsel was granted. [2]
*133 In due course this case was called for trial in New York on January 25, 1983. No appearance was made on behalf of the petitioners and thereupon the respondent moved under Rule 123(b) [3] that the petition be dismissed with respect to the deficiencies in tax for failure to prosecute. At the same time the respondent also moved under Rule 123(a) that a judgment of default be entered against Abraham Silinsky for the additions to tax under section 6653(b)(1). The respondent, however, proceeded to put on proof with respect to the additions to tax and subsequently on brief withdrew his motion for judgment by default with respect to the additions. On the joint returns for 1957, 1958 and 1959 Abraham Silinsky correctly reported capital gains from the sale of certain shares of stock. The capital gains reported by him involved tax sales made in 1957, two sales made in 1958, and eight sales made in 1959. All of these transactions were reported correctly on the returns. Other detail with regard to the reported sales appears below: Taxable
Number of
Total Amount
Total Capital
Taxable Portion
Year
Shares Sold
of Sales
Gain
of Gain
1957
17,500
$ 27,801.31
$ 18,569.36
$ 9,284.68
1958
66,000
30,677.45
39,044.70
19,522.35
1959
105,200
255,616.06
129,956.24
64,978.12
Totals
188,700
$314,094.82
$187,570.30
$93,785.15
*134 In the returns for the years 1957, 1958 and 1959, Abraham Silinsky failed to report the capital gains which he realized on certain other shares of stock sold for his benefit. The taxable portions of the unreported gains totaled $90,101.37 in 1957, $172,313.21 in 1958, and $219,350.23 in 1959. The number of transactions involved in the unreported capital gains totaled 529 (151 in 1957, 202 in 1958, and 176 in 1959) as compared to the total of 16 transactions in which the gains were reported. In money, the total unreported sales amounted to $1,288,467.60 ($307,115.46 in 1957, $493,340.83 in 1958, and $488,011.31 in 1959), as compared to the total sales reported during the three years of $314,094.82. The unreported capital gains were realized by Abraham Silinsky in a brokerage account maintained throughout 1957, 1958 and 1959 with R.H. Scarlett & Co., Stock Brokers, Toronto, Canada. The account was opened and maintained by the petitioner in the name of B. W. Rosenthal. The petitioner was the sole owner of the account. B. W. Rosenthal acted as his nominee and was paid small sums for his services. Rosenthal's services included endorsing checks representing the proceeds of sales *135 made in the account and delivering said checks to an employee of R.H. Scarlett & Co., who in turn cashed the checks and turned over their proceeds to the petitioner or someone for the petitioner. The joint income tax returns of the petitioners for 1957, 1958 and 1959 were timely filed. The notice of deficiency was mailed to the petitioners on July 1, 1965. In the notice of deficiency the respondent determined that the petitioners' gross income for 1958 was more than $906,000. The gross income reported on the 1958 return was only $47,447. The respondent determined that the petitioners' gross income for 1959 was more than $610,000. The gross income reported on the 1959 return was only $152,763.40. On December 1, 1964, the petitioners and the respondent executed an agreement in writing pursuant to section 6501(c)(4) which extended the statutory period for the assessment of any income tax due from the petitioners for the year 1958 to June 30, 1966. OPINION Deficiencies in Tax
The petitioners have the burden of proof with respect to the deficiencies in tax. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). [4] In this case, however, both of *136 the petitioners died after their petition was filed but before the trial. Prior to their death the petitioners were represented by counsel but his motion to withdraw was granted by the Court upon being advised that the petitioners were deceased, that there was no administration of their estates, and that neither of them had any heir at law or next of kin except three nieces who were not interested in prosecuting the case for the petitioners. Notice of his withdrawal was served upon the nieces, but when the case was called for trial no appearance was made on behalf of the petitioners. *137 Under the foregoing circumstances, we have no alternative but to grant the respondent's motion to dismiss the petition for lack of prosecution with respect to the underlying deficiencies in tax and to enter a decision for the respondent in the full amount of such deficiencies. Rule 149; Doncaster v. Commissioner,77 T.C. 334 (1981); Gilday v. Commissioner,62 T.C. 260 (1974). Additions To Tax Under Section 6653(b)(1) For Fraud
The respondent has the burden of proof with respect to fraud. Section 7454(a); Rule 142(b). He must carry it with clear and convincing evidence. Stratton v. Commissioner,54 T.C. 255 (1970). The respondent has conceded that no part of the deficiencies in tax are due to fraud on the part of Stella Silinsky. Consequently, to satisfy his remaining burden in this case, the respondent must establish: (1) that for each of the years 1957 through 1959 there was some underpayment in the income tax due from the petitioners; and (2) that some part of the underpyament for each year was due to the fraudulent acts of Abraham Silinsky. Plunkett v. Commissioner,465 F.2d 299 (7th Cir. 1972), *138 affg. a Memorandum Opinion of this Court; Lee v. United States,466 F.2d 11 (5th Cir. 1972). To establish that there was an underpayment of tax in each of the years, respondent relies upon the failure of the petitioner to report the gains realized by him in the brokerage account which he maintained in the name of B. W. Rosenthal. We have found that the taxable portions of these gains amounted to $90,101.37 in 1957, $172,313.21 in 1958, and $219,350.23 in 1959. We conclude, therefore, that these items alone represent a substantial underpayment of tax in each of the years 1957, 1958 and 1959. To establish that some part of the underpayment in each of the aforesaid years is due to fraud on the part of Abraham Silinsky, the respondent has clearly and convincingly proved and we have found that during the years under consideration: (1) Abraham Silinsky demonstrated the knowledge and ability necessary to properly report taxable income realized from capital gains by filing income tax returns on which such income was properly reported. See Stoltzfus v. United States,398 F.2d 1002 (3rd Cir. 1968), affg. 264 F. Supp. 824 (E.D. Pa. 1967); *139 Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; (2) He failed, however, in each of said years to report a substantial amount of taxable income realized from capital gains and which he obviously knew to be taxable. See Vannaman v. Commissioner,54 T.C. 1011(1970); Lang v. Commissioner,T.C. Memo. 1961-134; (3) The omitted taxable gains were realized by Abraham Silinsky in a brokerage account which he maintained during each of said years in the name of another individual and for the obvious purpose of concealing such income. See Willits v. Commissioner,36 B.T.A. 294 (1937); and (4) Over the three year period involved in this case Abraham Silinsky systematically underpaid his income tax in each year by a substantial amount. See Rogers v. Commissioner,11 F.2d 987, 989 (6th Cir. 1940); Vannaman v. Commissioner,supra.
From the overall course of the petitioner's conduct during the years under consideration as revealed by the above examples, as well as from an examination of the record as a whole, we are convinced that Abraham Silinsky *140 fraudulently intended to evade and defeat the payment of some part of the deficiency in tax due from the petitioners for each of the years 1957 through 1959. Nicholas v. Commissioner,70 T.C. 1057, 1065 (1978); Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. 578 F.2d 1383 (8th Cir. 1978); Beaver v. Commissioner,55 T.C. 85, 93 (1970); Otsuki v. Commissioner,53 T.C. 96 (1969). For the foregoing reasons, we conclude that the petitioner, Abraham Silinsky, is liable for the addition to tax provided by section 6653(b) for each of the years 1957 through 1959. Statute of Limitations
The returns of the petitioners for the years 1957, 1958 and 1959 were timely filed. Consequently, the general three year statute of limitations provided by section 6501(a) expired in this case on April 15, 1961 for 1957, on April 15, 1962 for 1958, and on April 15, 1963 for 1959.Since the deficiency notice was not mailed to the petitioners until July 1, 1965, it is apparent that the notice was untimely unless some exception to the general statute is applicable. An exception is applicable, however, and *141 the deficiency notice could have been issued at any time because in this case the respondent has successfully proved that the deficiency in tax for each year was due to the fraudulent acts of Abraham Silinsky. Section 6501(c); Shaw v. Commissioner,27 T.C. 561 (1956), affd. 252 F.2d 681 (6th Cir. 1958); Singleton v. Commissioner,606 F.2d 50 (3rd Cir. 1979), affg. a Memorandum Opinion of this Court. The establishment of fraud with respect to one spouse is sufficient to avoid the statute of limitations on a joint return. Stone v. Commissioner,56 T.C. 213 (1971). In addition to the exception for fraud which applies to all three years, 1958 falls within the exception provided by section 6501(c)(4) relating to extensions by agreement and 1959 falls within the six year statutory period provided by section 6501(e). As to 1958 a timely agreement was executed extending the time for assessment to June 30, 1966. Here the deficiency notice was mailed July 1, 1965. As to 1959 the understatement of taxable income for that year was more than 25 percent of the gross income reported on the 1959 return and the statutory notice *142 was issued within the six year period provided by section 6501(e). We also conclude, therefore, that the deficiencies in tax and the additions thereto are not barred by the statute of limitations. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, during the years in issue.↩
2. See Nordstrom v. Commissioner,50 T.C. 30↩ (1968).
3. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
4. As shown hereinafter (1) for 1957, 1958 and 1959 the respondent has established an underpayment by clear and convincing evidence and having done so his deficiency determinations enjoy their usual presumption of correctness. Cf. Cleveland v. Commissioner, T.C. Memo. 1983-299, 46 T.C.M. at 273, 52 P-H Memo. T.C. par. 83,299; Compton v. Commissioner,T.C. Memo. 1983-642 (Slip. Op., P. 12, fn. 10); Breen v. Commissioner,T.C. Memo. 1983-645 (Slip, Op., pp. 22-23↩); (2) also for 1958 respondent has established that the notice was issued within the time as extended by agreement entered into pursuant to section 6501(c)(4); and (3) further for 1959 respondent has shown the amount of unreported income and proven that it is attributable to omitted gross income and thus that section 6501(e) applies.