ESTATE OF ALLAN HAUSER, DECEASED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ESTATE OF ALLAN HAUSER, DECEASED, and ROBERTA HAUSER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Hauser v. Commissioner
Docket Nos. 2225-80, 2226-80.
United States Tax Court
T.C. Memo 1984-298; 1984 Tax Ct. Memo LEXIS 374; 48 T.C.M. (CCH) 270; T.C.M. (RIA) 84298; June 11, 1984. Joseph W. Weigel, for the petitioners. Joseph R. Peters, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In two notices of deficiency dated November 20, 1979, respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Deficiency in
Additions to Tax, I.R.C. 1954
Petitioners
Year
Income Tax
Sec. 6653(b)
Sec. 6654
Allan Hauser and
1971
$22,263.50
$11,369.75
Roberta Hauser
Allan Hauser
1973
5,953.05
3,032.02
Allan Hauser
1974
8,197.80
4,098.90
$262.32
Allan Hauser
1975
1,710.50
855.25
74.06
Allan Hauser
1976
15,224.70
7,612.05
549.52
*375 Respondent had conceded that no deficiencies or additions to tax are due from petitioner Roberta Hauser. Petitioner Allan Hauser died prior to trial. His apparent heirs-at-law did not appear at trial but waived further notice of these proceedings. See Nordstrom v. Commissioner,50 T.C. 30 (1968). The deficiencies for the years 1971, 1973, 1974, 1975, and 1976 and the additions to tax under section 6654 [1] may, therefore, be determined against him and in favor of respondent. Rules 123, 142(a), and 149. The petition in docket No. 2226-80 alleged, in part, that the deficiency for the year 1971 was barred by the statute of limitations. Respondent, therefore, presented evidence at trial to overcome the bar of the statute of limitations and to sustain the additions to tax for fraud. FINDINGS OF FACT Petitioners were residents of Wisconsin when they filed their petitions herein. At all times material hereto, Allan Hauser *376 (petitioner) was a self-employed inventor, primarily involved in developing a photographic process. He obtained substantial amounts of income from investors interested in his invention. From 1964 through 1970, petitioner filed no Federal income tax returns, contending that the amounts he received from investors were loans. In 1973, petitioner was audited for the years 1964 through 1970. At the conclusion of the audit, in November 1973, petitioner acknowledged that the real effect of the transactions was the sale of future patent interests resulting in reportable taxable income. On May 5, 1974, petitioner filed a tax return for 1971, jointly with Roberta Hauser, on which he understated his gross income from sale of patent interests and overstated his business expenses. Mrs. Hauser was unaware of the misstatements in that tax return. Also on May 5, 1974, petitioner filed a tax return for 1973, as a married person filing separately, on which he did not report income he received from the sale of patent interests. Petitioner did not file any Federal income tax returns for 1974, 1975, or 1976, although he had taxable income from the sale of patent interests during each of those years. *377 OPINION Respondent has shown that petitioner was aware that the income he received from the sale of patent interests was taxable income and that he had a duty to file tax returns reporting that income. Nonetheless, petitioner filed false returns for 1971 and 1973 and failed to file returns for 1974, 1975, and 1976. Respondent has satisfied his burden of proving fraud by clear and convincing evidence. Sections 6653(b) and 7454(a); Rule 142(b). The statute of limitations is not a bar to the assessment or collection of tax for 1971.Section 6501(c)(1). The deficiencies, additions to tax for failure to pay estimated income tax, and additions to tax for fraud are sustained. Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue. All references to rules are to the Tax Court Rules of Practice and Procedure.↩