ROBERT WYLER, DECEASED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wyler v. Commissioner
Docket No. 35647-86
United States Tax Court
T.C. Memo 1990-285; 1990 Tax Ct. Memo LEXIS 301; 59 T.C.M. (CCH) 821; T.C.M. (RIA) 90285; June 7, 1990, Filed *301 An appropriate order and decision will be entered for the respondent. Howard P. Levine, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443(b)(4) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, *302 which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Lack Of Prosecution. Before we rule on respondent's motion, it would be helpful to set forth the history of this case. While incarcerated in the U.S. Penitentiary at Lewisburg, Pennsylvania, petitioner received a Notice Of Jeopardy Assessment And Right Of Appeal mailed to him by respondent on May 14, 1986. The notice informed petitioner that respondent had assessed, pursuant to the jeopardy assessment provisions of section 6861, tax and an addition to tax under section 6653(b) for the taxable year 1976 in the amounts of $ 71,949 and $ 35,975, respectively. The notice also set forth the procedure for both administrative and judicial review. Petitioner was further *303 informed that if an agreement was not reached, he would be mailed a notice of deficiency within 60 days from the date of the jeopardy assessment made on May 14, 1986, pursuant to section 6861. Inasmuch as no agreement was reached, respondent timely mailed a notice of deficiency to petitioner on July 7, 1986, in which he determined a deficiency in petitioner's Federal income tax for the taxable year 1976 and an addition to tax pursuant to section 6653(b) in the amounts set forth in the notice of jeopardy assessment. Respondent's determination was based on petitioner's failure to report taxable income from sales of marijuana and cocaine for 1976. Petitioner filed a petition with the Court on September 2, 1986, to which respondent filed an Answer on November 7, 1986. On December 31, 1986, petitioner filed a notice of change of address informing the Court that he had been moved to the U.S. Medical Center for Federal Prisoners (Medical Center) at Springfield, Missouri. On May 26, 1987, he again informed the Court by notice of change of address that he was moved to the U.S. Penitentiary at Marion, Illinois. Discovery began on or about July 18, 1987, when respondent was served by petitioner *304 with a first set of requests for documents and interrogatories. In response, respondent filed a Motion For Protective Order on September 14, 1987, pursuant to Rule 103. Also, at the same time, respondent filed a Motion For Leave To File Amendment To Answer. The motions were disposed of by an Order of the Court dated September 18, 1987. In our Order we set forth specific actions regarding respondent's motion for protective order and granted respondent's Motion For Leave To File Amendment To Answer. The Amendment To Answer was filed on September 18, 1987. Petitioner filed his reply to the Amendment To Answer on October 2, 1987. Respondent answered petitioner's interrogatories on or about October 2, 1987. Thereafter, on October 19, 1987, respondent filed his request for admissions under Rule 90, which was served on petitioner on October 15, 1987. Petitioner did not respond to the request for admissions. The case was set for trial in Tampa, Florida, on January 11, 1988. Respondent filed a motion for a continuance and a motion to change place of trial from Tampa, Florida, to St. Louis, Missouri. On November 5, 1987, we granted respondent's motion for continuance and denied his *305 motion to change place of trial. In that same Order, this case was assigned to the above special trial judge for disposition. On December 28, 1987, respondent timely filed responses to petitioner's request for admissions. On January 11, 1988, petitioner filed a third notice of change of address informing the Court that he was again located at the Medical Center in Springfield, Missouri. On February 11, 1988, we received a letter from the warden at the Medical Center which we filed as a report on behalf of petitioner. In the letter we were informed that in January 1987, petitioner underwent a radical right nephrectomy at the facility. Afterward he received radiation therapy. When therapy was concluded he was returned to the U.S. Penitentiary at Marion, Illinois. However, on December 24, 1987, petitioner was readmitted to the Medical Center for surgical evaluation and/or treatment. He was then scheduled to undergo surgery in the latter part of February or early March 1988. On April 27, 1988, we received a second letter from the warden at the Medical Center which we again filed as a report on behalf of petitioner. The warden's letter updated petitioner's medical condition. *306 The presence of advanced local metastatic disease was confirmed upon exploratory laparotomy on March 3, 1988. Petitioner was receiving treatment with Interferon. His diagnosis was considered to be quite poor and the estimate of his survival depended on his response to the medication. Petitioner continued to remain at the facility for an indefinite period of time. On August 22, 1988, we received a final letter from the associate warden which we filed as a status report on behalf of petitioner. We were informed that petitioner died at the Medical Center on August 21, 1988. Pursuant to our procedures as set forth in Nordstrom v. Commissioner, 50 T.C. 30 (1968), we required respondent to attempt to locate petitioner's heirs-at-law, if any. Respondent was able to identify Ms. Carol O'Brien as petitioner's only heir-at-law. On April 3, 1989, respondent filed his Motion To Dismiss For Lack Of Prosecution in which he moved the Court to find a deficiency in income tax for 1976 and addition to tax pursuant to section 6653(b), as set forth in the notice of deficiency mailed July 7, 1986. By Order dated April 5, 1989, we directed Ms. Carol O'Brien, the deceased petitioner's *307 sister, to show cause on or before May 5, 1989, why respondent's motion should not be granted. Ms. O'Brien filed a response to the Court's Order indicating that she did not want the case dismissed and that she wished to prosecute this case on behalf of her deceased brother, petitioner. Pursuant to Ms. O'Brien's request, we issued an Order on May 10, 1989, directing her to have a fiduciary or personal representative appointed to represent the deceased petitioner if she wished to continue to prosecute this case in this Court on behalf of petitioner. Ms. O'Brien was given until June 9, 1989, to inform the Court of the name of the personal representative or fiduciary of the estate of Robert Wyler, deceased, and attach thereto any letters of administration. See Rule 60(c). All action upon respondent's pending motion was held in abeyance until we heard from Ms. O'Brien. Ms. O'Brien has not responded to the Court's Order, nor has she indicated any further willingness to proceed in this matter. Cf. Beatty v. Commissioner, T.C. Memo. 1980-168. We have held that a petitioner's death does not divest this Court of jurisdiction over his income tax liability for any taxable *308 year already in issue. Nordstrom v. Commissioner, supra. Our jurisdiction is based on the petition, which here was timely filed by petitioner while he was alive. Sec. 6213(a). When a petitioner dies, the Court generally will order that his representative or successor be substituted as the proper party. Rule 63(a). The legal capacity in this Court of a representative is controlled by Rule 60(c). We apply local law to determine who may speak for the decedent's estate in this Court. Fehrs v. Commissioner, 65 T.C. 346 (1975). Respondent's Motion To Dismiss For Lack Of Prosecution is fully warranted. In this case, there is no one who has the capacity to prosecute this matter on behalf of petitioner. The filing of this motion is the procedural means to bring this case to a close. With regard to the income tax deficiency for 1976, respondent's deficiency determination is presumed correct. To prove otherwise, petitioner has the burden of proof. Rule 142(a). Since there is no one to represent petitioner in any meaningful way in the resolution of this case, there is a failure to produce evidence in support of issues to which petitioner has *309 the burden of proof. Therefore, respondent's motion to dismiss as to the income tax deficiency is appropriate and will be granted. See Rule 123(b) and Rule 149(b). Respondent, however, has the burden of proof regarding the addition to tax for fraud. Sec. 7454(a); Rule 142(b). The admissions in petitioner's reply to respondent's Amendment To Answer and petitioner's deemed admissions establish the facts necessary to satisfy respondent's burden of proof with respect to the addition to tax under section 6653(b). See Rule 37(c) and Rule 90(c). The relevant facts established by petitioner's admissions in his reply and the deemed admissions are as follows. During 1976 petitioner was engaged in the illegal possession and distribution of cocaine. On March 3, 1978, petitioner and others were indicted on five counts of violating 21 U.S.C. sections 812, 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. section 2. Following a trial on the merits, petitioner was convicted on all counts. His conviction was affirmed on appeal. United States v. Wyler, 639 F.2d 770 (2d Cir. 1980), cert. denied 454 U.S. 829 (1981). The evidence *310 at trial established that: (1) in October 1976, petitioner sold eight ounces of cocaine and received $ 8,300; (2) in November 1976, petitioner sold eight ounces of cocaine and received $ 8,700; and (3) in November and December 1976, petitioner sold several persons nineteen ounces of cocaine for approximately $ 23,100 to be paid at a later date. During 1976 petitioner purchased large quantities of marijuana at prices ranging between $ 225 to $ 250 per pound and sold it at prices ranging between $ 325 and $ 350 per pound. In the spring of 1976, petitioner sold 5,000 pounds of marijuana at a gross profit of $ 500,000. Petitioner's net profit from this sale was $ 125,000. Petitioner did not file a Federal income tax return for the taxable year 1976. Petitioner failed to report taxable income from the sales of marijuana and cocaine fraudulently and with the intent to evade income tax. Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owed. Professional Services v. Commissioner, 79 T.C. 888, 930 (1982). Respondent, in order to meet his burden of proof, must establish that petitioner has underpaid his tax for the year in issue and *311 that some part of the underpayment is due to fraud. Hebrank v. Commissioner, 81 T.C. 640, 642 (1983). For 1976, petitioner is deemed to have admitted facts which overwhelmingly establish substantial, intentional omissions of income. Smith v. Commissioner, 91 T.C. 1049, 1053-1055 (1988). These uncontested facts are replete with the requisite indicia of fraud. Marshall v. Commissioner, 85 T.C. 267 (1985); Doncaster v. Commissioner, 77 T.C. 334 (1981). We find that the facts deemed admitted under Rule 37(c) and Rule 90(c) are sufficient to satisfy respondent's burden of proving that some portion of the understatement of income in 1976 was due to fraud with intent to evade tax. Marshall v. Commissioner, supra.
To reflect the foregoing,
An appropriate order and decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩