T.C. Memo. 2005-222

UNITED STATES TAX COURT


THOMAS J. & GISELLA SABATH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 378-04L.          Filed September 26, 2005.


Gregory A. Stout, for petitioners.

Stephen J. Neubeck, for respondent.


MEMORANDUM OPINION

LARO, Judge:  Petitioners petitioned the Court under section 6330(d) to review a determination made by the Commissioner's Office of Appeals (Appeals) as to their 1986 and 1990 through 1997 Federal income tax liability.[1]  While petitioners alleged in

---

[1] Unless otherwise indicated, section references are to the
(continued...)

their petition that their underlying tax liability for those years was different from that shown as due in respondent's records, respondent alleged in his answer that this Court was without jurisdiction to determine petitioners' underlying tax liability for any of those years because petitioners had the opportunity to dispute the liability in their previous bankruptcy case.

Subsequent to the filing of the petition, Gisella Sabath (decedent) died. Thereafter, Thomas J. Sabath (petitioner in the singular) and respondent moved the Court to dismiss this case, insofar as it pertains to decedent, for lack of prosecution.[2] Petitioner and respondent also filed with the Court a stipulation asking that we enter a decision that includes a statement as to the amount of petitioner's unpaid income tax for each of the subject years. We ordered petitioner and respondent to show cause why the Court may enter a decision against petitioner that includes a finding of his underlying tax liability. We referred them to Kendricks v. Commissioner, 124 T.C. 69 (2005), where we

[1](...continued)
applicable versions of the Internal Revenue Code.

[2] In this motion, petitioner and respondent have represented to the Court that no one is currently authorized to act on behalf of decedent's estate, that decedent had three "heirs at law", and that the names and addresses of those heirs were as stated in the motion. Pursuant to Nordstrom v. Commissioner, 50 T.C. 30 (1968), we shall notify those heirs of this action before deciding the motion to dismiss as to decedent.

recently held that a submission by the Internal Revenue Service
(IRS) in the taxpayer's bankruptcy proceeding of a proof of claim
for unpaid Federal income taxes meant that the taxpayers had the
opportunity to dispute that liability for purposes of section
6330(c)(2)(B) and, accordingly, deprived us of the ability to
decide that liability.  We directed petitioner and respondent to
discuss whether petitioner had a previous opportunity during
petitioners' bankruptcy proceeding to dispute the underlying tax
liability for any or all of the subject years.  Petitioner and
respondent argue in response to our order that Washington v.
Commissioner, 120 T.C. 114 (2003), allows the Court to determine
the amount of Federal income tax owing after a bankruptcy
proceeding.

We decide whether we may enter a decision as to petitioner
that reflects a determination of his underlying tax liability.
We hold we may not.

## Background

We draw the following recitations from the pleadings and
other parts of the record.  We set forth these recitations solely
for the purpose of this Memorandum Opinion.  Petitioners resided
in Cincinnati, Ohio, when their petition was filed with the
Court.

Petitioners operated a landscaping business for nearly 30
years and failed to make estimated tax payments on their

self-employment income.  In 1991 and 1992, respondent assessed petitioners' Federal income tax liabilities for 1986 and 1991, respectively.

On June 25, 1993, petitioners filed for bankruptcy under chapter 13 of the Bankruptcy Code in the Southern District of Ohio, Western Division.  The IRS filed a proof of claim in the case on or about September 8, 1993, and an amended proof of claim approximately 3 months later.  Petitioners raised no objection to the IRS's claims.  On separate occasions between 1994 and 1998, respondent assessed petitioners' Federal income tax liability for 1992 through 1997.

On January 5, 1999, the bankruptcy court entered an order granting a requested modification of the plan concerning the IRS's claims.  The modification stated that any tax liability not fully paid under the plan would survive discharge.  The bankruptcy court issued petitioners a discharge on February 25, 1999, and closed the case on March 5, 1999.  Afterwards, respondent proposed a levy to collect the subject years' surviving tax liabilities, and petitioners challenged the amounts that respondent asserted were due.

On May 9, 2001, respondent sent petitioners a Letter 1058, Notice of Intent to Levy and Your Right to a Due Process Hearing, as to the subject years.  Petitioners requested the referenced

hearing, and Appeals held the hearing with petitioners on May 23, 2002. Petitioners subsequently submitted an offer in compromise.

On December 10, 2003, Appeals issued to petitioners a notice of determination stating that the proposed levy was appropriate. The notice stated that petitioners had raised two issues as to the levy: (1) Whether the liability sought by respondent was correct, and (2) whether respondent should have accepted their offer in compromise. As to the first issue, Appeals determined that respondent had correctly determined the amount of the liability. As to the second issue, Appeals determined that petitioners did not qualify for an offer in compromise because they had not filed Form 943, Employer's Annual Tax Return for Agricultural Employees, and Form 1040, U.S. Individual Income Tax Return, as required for 2002.

In their petition to this Court, petitioners challenged the amount of tax remaining unpaid as a result of the bankruptcy case and requested that the Court review their payment history and respondent's assessments of interest and penalties. Petitioners alleged that the amount of tax set forth in the notice of determination was based on the following errors: (1) Respondent incorrectly assessed penalties and interest during the pendency of petitioners' bankruptcy proceeding; (2) respondent misapplied payments made during the proceeding to interests and penalties rather than to principal; and (3) respondent failed to consider

petitioners' offer in compromise based on the incorrect assumption that they did not file the referenced tax returns for 2002.

In answer, respondent alleged that petitioners were precluded by section 6330(c)(2)(B) from litigating in this proceeding the amount or existence of their underlying tax liability. According to respondent, the amount of taxes owed by petitioners, the amount of their payments, the application of those payments, the rates and accrual of interest, and all other relevant matters alleged by petitioners in their petition to be improper had been within the scope and jurisdiction of the bankruptcy court, and petitioners had the full opportunity in their bankruptcy proceeding to challenge the amounts and existence of any taxes under the jurisdiction of the bankruptcy court.

On March 14, 2005, approximately 3 weeks after respondent's answer was filed, petitioner and respondent filed with the Court a stipulation of settlement asking the Court to enter a decision against petitioner fixing an agreed-upon amount of unpaid income taxes (inclusive of additions to tax, penalties, and interest) as of March 15, 2005.

## Discussion

Respondent and petitioner ask the Court to enter a decision fixing an agreed-upon amount of petitioner's unpaid Federal

income taxes (inclusive of additions to tax, penalties, and interest) as of March 15, 2005. We must decide whether we are authorized to do so. When the Court lacks the authority to consider an issue, the Court does not have the power to decide it. Cf. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 702 (1982); Brown v. Commissioner, 78 T.C. 215, 217-218 (1982). While neither party challenges our authority to render this decision, the parties cannot confer such authority upon us by their conduct or consent. Cf. California v. LaRue, 409 U.S. 109, 112 n.3 (1972); Mitchell v. Maurer, 293 U.S. 237, 243 (1934).

Where issues related to the taxpayer's underlying tax liability were properly raised in a section 6330 proceeding, we may review the determination of that liability. See sec. 6330(d)(1); see also sec. 6330(c)(2)(B). Section 6330(c)(2)(B), dealing with notice and opportunity for hearing before levy, provides that in the case of any hearing conducted under section 6330, a person may raise "challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Because petitioners did not receive a notice of deficiency regarding any of the subject years, they were permitted to challenge the existence or amount of their

underlying tax liability at issue if they did not "otherwise have an opportunity to dispute such tax liability." Id. The mere fact that Appeals in petitioners' section 6330 hearing considered a claim as to the existence or amount of their underlying tax liability does not necessarily mean that this Court may do likewise. See Behling v. Commissioner, 118 T.C. 572 (2002). Section 301.6330-1(e)(3), Q&A-E11, Proced. & Admin. Regs., provides the following illustrative question and answer:

> Q-E11. If an Appeals officer considers the merits of a taxpayer's liability in a [collection due process (CDP)] hearing when the taxpayer had previously received a statutory notice of deficiency or otherwise had an opportunity to dispute the liability prior to the issuance of a notice of intention to levy, will the Appeals officer's determination regarding those liability issues be considered part of the Notice of Determination?

> A-E11. No. An Appeals officer may consider the existence and amount of the underlying tax liability as a part of the CDP hearing only if the taxpayer did not receive a statutory notice of deficiency for the tax liability in question or otherwise have a prior opportunity to dispute the tax liability. * * * In the Appeals officer's sole discretion, however, the Appeals officer may consider the existence or amount of the underlying tax liability, or such other precluded issues, at the same time as the CDP hearing. Any determination, however, made by the Appeals officer with respect to such a precluded issue shall not be treated as part of the Notice of Determination issued by the Appeals officer and will not be subject to any judicial review. * * * Even if a decision concerning such precluded issues is referred to in the Notice of Determination, it is not reviewable by a district court or the Tax Court because the precluded issue is not properly part of the CDP hearing.

This Court recently held that when the IRS submits a proof of claim for an unpaid Federal tax liability in a taxpayer's bankruptcy action, the taxpayer had the opportunity to dispute

the liability for purposes of section 6330(c)(2)(B). See Kendricks v. Commissioner, 124 T.C. 69 (2005). We noted that 11 U.S.C. sec. 505(a) (2000) empowers a bankruptcy court in a bankruptcy proceeding to determine "the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." In that respondent in this case filed a proof of claim in petitioners' previous bankruptcy case, we conclude on the basis of Kendricks that petitioner had the opportunity to dispute his underlying tax liability before commencing this lawsuit and thus may not do so in this proceeding.

Respondent and petitioner rely upon Washington v. Commissioner, 120 T.C. 114 (2003). We conclude that this reliance is misplaced. In Washington, the taxpayers challenged the appropriateness of respondent's proposed collection action because, they stated, a bankruptcy court had discharged them from the unpaid tax liabilities underlying the proposed action. Id. at 120 n.9. Section 6330(c)(2)(A)(ii) specifically provides that a person may challenge the appropriateness of a collection action at a hearing conducted under section 6330. Here, by contrast, petitioner makes no assertion that the bankruptcy court discharged him from any of the liabilities now sought by

respondent.  Instead, petitioner specifically challenges the amount of the liability.  The fact that the amount of his unpaid tax liability is no longer in dispute on account of his settlement is of no consequence to us.  Our ability to decide petitioner's underlying tax liability "'depends on the state of things at the time of the action brought,'"  Keene Corp. v. United States, 508 U.S. 200, 208 (1993) (quoting Mollan v. Torrance, 22 U.S. (9 Wheat.) 537, 539 (1824)), and not on the state of things when we enter our decision in the action.

Accordingly,

An appropriate order will be issued.