T.C. Memo. 1995-485


UNITED STATES TAX COURT


PERRY D. McBROOM, DECEASED, AND JACKIE S. McBROOM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18847-87.                    Filed October 5, 1995.


Margaret A. Martin, for respondent.


MEMORANDUM OPINION

GOLDBERG, Judge:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182,[1] and is before the Court on respondent's Motion for Summary Judgment and Motion to Dismiss as to Petitioner Perry D. McBroom for Lack of Prosecution.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1982 in the amount of $8,288, and

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

additions to tax under sections 6653(a)(1) and 6659 in the respective amounts of $414.40 and $2,457.30, and under section 6653(a)(2) in the amount of 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations. Respondent also determined that interest due on the deficiency for 1982 would be computed pursuant to the increased interest rate imposed under section 6621(c). For the reasons discussed below, we grant respondent's motions.

Background

The income tax adjustments at issue relate to the disallowance of the investment tax credit and of a partnership loss claimed with respect to petitioners' investment in Florin Farms #6. This case is part of a larger group of cases designated as the Hoyt Farms group, named after the organizer and operator of numerous cattle and sheep breeding partnerships, W.J. Hoyt Sons, and/or Walter J. Hoyt III.

At the time of the filing of their petition, petitioners were pro se. However, on November 13, 1987, an entry of appearance was filed on their behalf by Messrs. Jim B. Dismukes and Joel Drum. This case was set for a pretrial hearing in San Francisco, California, on May 26, 1993, for the purpose of determining whether the case would be tried, and, if so, the most expeditious manner to proceed in light of the case of Bales v.

Commissioner, T.C. Memo. 1989-568.  The Bales case involved like cattle breeding partnerships formed by Walter J. Hoyt III.

At the pretrial hearing, Jim B. Dismukes filed a motion to withdraw as counsel, which was granted.  In addition, respondent filed an Amendment to Answer in which she determined an increased deficiency and additions to tax.  On October 12, 1993, respondent filed a status report informing the Court that petitioner Perry D. McBroom (Mr. McBroom) died on April 16, 1989, and that petitioner Jackie S. McBroom (petitioner) was interested in settling the case with respondent.  Mr. McBroom died intestate in California, a community property State, and was survived by petitioner and adult children residing in Texas.

Petitioner accepted respondent's Appeals Office offer, on or about September 27, 1993.  However, petitioner failed to comply with the terms of the settlement offer.  On June 30, 1994, respondent served on petitioner and her counsel, Joel Drum, Respondent's First Request for Admissions Addressed to the Petitioner Jackie S. McBroom requesting that the facts set forth therein be admitted or denied.  Pursuant to Rule 90, respondent's request was filed with this Court on July 5, 1994.  Petitioner did not respond.

The case was calendared for trial at a special session beginning on October 26, 1994, in San Francisco, California.  On August 12, 1994, respondent filed the pending Motion for Summary Judgment, wherein she concedes the additions to tax under

sections 6653(a)(1) and (2) and 6659, and the increased interest under section 6621(c). Respondent further concedes the increased deficiency and additions to tax asserted in her amended answer. The motion was calendared for hearing at the special session.

On September 19, 1994, Joel Drum, the sole remaining counsel for petitioners, filed a Motion to Withdraw, which was granted. At the special session on October 26, 1994, there was no appearance by or on behalf of petitioner. Subsequently, Michael A. Bickford filed his entry of appearance on behalf of petitioner on January 31, 1995. To date, petitioner has not contested respondent's Motion for Summary Judgment.

On April 28, 1995, respondent filed a motion to dismiss, insofar as it pertains to petitioner Perry D. McBroom, for lack of prosecution. As grounds in support of the motion, respondent alleges that respondent was advised by petitioner that all property belonging to Mr. McBroom passed on to her as his surviving spouse, and, as a result, no estate was created and no personal representative was appointed. On May 1, 1995, the Court received notice from petitioner's counsel that petitioner would "not be filing any further papers or requests of the Court at this time dealing with" the case.

In a supplemental motion to dismiss filed August 28, 1995, respondent requested that we find a deficiency in income tax for the taxable year 1982 due from Perry D. McBroom, deceased, in the amount of $8,288. Respondent also conceded all additions to tax

under sections 6653(a)(1) and (2) and 6659, the increased interest rate under section 6621(c), and the increased deficiency and additions to tax asserted in the amended answer. Petitioner had no objection to the granting of this motion.

Motion for Dismissal

Our jurisdiction over a case continues despite the death of a taxpayer even though there is no personal representative to act in the place of the decedent. Nordstrom v. Commissioner, 50 T.C. 30, 31-32 (1968). Citing section 7459(d), we stated in Nordstrom that, under circumstances such as those in the instant case, one method of bringing the case to a conclusion is for the Commissioner to move to dismiss the case for lack of prosecution. Id. We went on to state:

> It must be recognized, we think, that even though no representative of the decedent has come forward to press for the relief sought by the decedent when he was alive and filed his petition for redetermination, there may be survivors whose monetary interests are capable of being affected by satisfaction of the liabilities which will be determined consequent upon a dismissal for lack of prosecution. In recognition of the affectability of those interests, it seems appropriate to give notice of the proceedings to those whose interests stand to be affected, so that they may have an opportunity to be heard if they so desire or, perhaps, to seek the appointment of a personal representative by the appropriate court having jurisdiction over the decedent's estate.

Id. at 32. Under this reasoning, we issued an order directing the taxpayer, her counsel, and the Commissioner to provide the Court with the names and addresses of the heirs at law of the decedent, as determined by the law of the jurisdiction wherein

the decedent was a resident at the time of his death, insofar as they could be reasonably ascertained.  Until potential heirs were identified and notified, we held the Commissioner's motion under advisement.

In the instant case, Mr. McBroom resided in California at the time of his death.  Under California law, on the death of a married person, one-half of the decedent's community and quasi-community property belongs to the surviving spouse, and the other half belongs to the decedent.  Cal. Prob. Code secs. 100, 101 (West 1991).  In the case of intestate succession, if the decedent leaves no child surviving, the one-half which belongs to the decedent passes to the surviving spouse, leaving the surviving spouse with all of the community and quasi-community property.  Id. sec. 6401(a) and (b).

Where a decedent leaves more than one child living, the intestate share of the surviving spouse in separate property equals one-third of the intestate estate.  Id. subsec. (c)(3)(A).  The remainder of the intestate estate passes to the issue of the decedent.  Id. sec. 6402(a).  Under section 5110 of the California Civil Code (West 1983), "community property" is defined as all real property situated in California and personal property acquired during the marriage by a married person while

domiciled in California, unless it is the separate property of the husband or the wife.[2]

Neither party in this case presented information to indicate that any of the property of Mr. McBroom was his separate property, rather than community property, or that Mr. McBroom has heirs at law whose interests may be affected by our decision in this case. Under State law, all of Mr. McBroom's property passed upon his death to petitioner as his surviving spouse. Consequently, we are not presented with the problem faced in Nordstrom v. Commissioner, supra. Based on the foregoing, and because there is no one willing or able to prosecute this case on behalf of Mr. McBroom, we grant respondent's motion to dismiss for lack of prosecution as supplemented.

Summary Judgment

In the Motion for Summary Judgment, respondent contends that all of the facts necessary for our decision are set forth in respondent's first request for admissions, filed July 5, 1994. Respondent notes that petitioner did not respond to respondent's first request for admissions, and, thus, pursuant to Rule 90(c), each matter set forth therein was automatically deemed admitted 30 days after service of the request. Morrison v. Commissioner,

---

[2] Cal. Prob. Code sec. 5110 (West 1991). On Jan. 1, 1994, this section was repealed, along with other sections of the Civil Code and sections of the Code of Civil Procedure, Evidence Code, and Probate Code. The repealed provisions were then incorporated into the new California Family Code. See Cal. Fam. Code sec. 760 (West 1994).

81 T.C. 644, 647 (1983); Freedson v. Commissioner, 65 T.C. 333, 334-336 (1975), affd. on other grounds 565 F.2d 954 (5th Cir. 1978). Respondent contends that she is entitled to a decision under Rule 121 as a matter of law.

The Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Bond v. Commissioner, 100 T.C. 32, 36 (1993); see Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Respondent, as the moving party in this case, bears the burden of proving that there is no genuine issue of material fact and that a decision may be rendered as a matter of law. Rule 121(b); Bond v. Commissioner, supra at 36; Preece v. Commissioner, 95 T.C. 594, 596 (1990); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The Court will view factual material and inferences drawn therefrom in the light most favorable to the party opposing the motion for summary judgment. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, supra.

Since petitioner has failed to respond to respondent's request for admissions, the following statements set forth in the request for admissions are deemed admitted:

(1) During the taxable year 1982, petitioners were partners in one or more cattle partnerships formed by Walter J. Hoyt, III (namely, Florin Farms #6);

(2) Petitioner accepted and executed a Sacramento, California, Appeals Office settlement offer which reads as follows:

> I would like to settle my case on the basis of the offer first extended by the IRS on January 3, 1992 -- cash out of pocket.
>
> This will be a binding settlement only if you sign a closing agreement, Form 906, and we countersign it on behalf of the Commissioner of Internal Revenue.  When we sign the agreement form, the one-year assessment period of limitations on assessments described at I.R.C. section 6229(f) will begin.
>
> If you elect to accept the IRS out-of-pocket settlement offer, please provide the following information, and return it to us NO LATER THAN JULY 23, 1993.
>
> copies of all cancelled checks written to the Hoyt organization, or to others acting as agents of the Hoyt organization (if any);
>
> copies of all annual statements provided to you by the Hoyt organization;
>
> a schedule which shows a break-down of how the payments to the Hoyt organization were applied; for example,
>
> -- annual contribution to partnership capital
>
> -- IRA contribution
>
> -- tax preparation fee; and
>
> -- any other amounts you can specifically identify.

(3) Pursuant to the out-of-pocket settlement agreement referred to in paragraph 2,

> a.  petitioner is not entitled to any loss deductions from any cattle partnership for the taxable year 1982;
>
> b.  petitioner is not entitled to any investment tax credit for the taxable year 1982;
>
> c.  petitioner is not entitled to any deduction for cash out of pocket in absence of an executed closing agreement.

(4) Petitioner refused or neglected to execute a closing agreement necessary to finalize the out of pocket settlement offer.

(5) There is a deficiency in income tax due from petitioner for the taxable year 1982 in the amount of $8,288.

Respondent's motion is supported by the deemed admissions. Matters deemed admitted pursuant to Rule 90 are conclusively established and are sufficient to support the granting of a motion for summary judgment.  Morrison v. Commissioner, supra at 651.  Petitioner did not appear at the hearing on respondent's motion, despite notice from this Court, and the deemed admissions clearly establish that no genuine issue of material fact exists as to the deficiency determination.  Marshall v. Commissioner, 85 T.C. 267, 271-272 (1985).  Accordingly, respondent is entitled summary judgment with respect to such determination as a matter of law.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.